UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUREIS HEALTHCARE, INC., <br> Plaintiff, <br> v. <br> EPIC SYSTEMS CORPORATION, <br> Defendant. | Case No. 25-cv-04108-SK <br><br> **ORDER GRANTING ADMINISTRATIVE MOTION TO FILE UNDER SEAL** <br><br> Regarding Docket No. 2 |

Before the Court is a Plaintiff CureIS Healthcare, Inc.'s ("Plaintiff") motion to seal limited portions of its Complaint. (Dkt. No. 2.) Where, as here, the document at issue is "more than tangentially related to the underlying cause of action," a litigant must demonstrate "compelling reasons" to overcome the "strong presumption in favor of judicial access." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). In addition, this Court requires that motions to seal be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

Plaintiff seeks to redact the names of its customers in order to maintain the confidentiality of non-public contractual relationships, and to redact portions of the complaint that reveal communications during confidential negotiations. (Dkt. No. 2.) Protecting confidentiality interests and safeguarding against competitive harm constitute compelling reasons that justify sealing. *E.g., Flextronics Int'l USA, Inc. v. Murata Mfg. Co.*, No. 5:19-CV-00078-EJD, 2019 WL 13554029, at *1 (N.D. Cal. Dec. 16, 2019). Further, Plaintiff's request is narrowly tailored to redact only limited information, leaving the majority of the Complaint available for public access. Accordingly, the Court GRANTS Plaintiff's motion. The following portions of the Complaint shall be filed under seal.

///

///

| Document | Portion of Document Sought to be Sealed |
|---|---|
| Complaint | 11, 14, 33, 40, 41- 57, 59-79, 84-95, 99, 102-12, 118-19, 121-22, 126-28, 136 (as shown at Dkt. No. 2-3.) |

**IT IS SO ORDERED**.

Dated: May 13, 2025



_____
SALLIE KIM
United States Magistrate Judge

2