Lauren A. Moskowitz (*pro hac vice*)
lmoskowitz@cravath.com
Lauren M. Rosenberg (*pro hac vice*)
lrosenberg@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
375 Ninth Avenue
New York, New York 10001
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700

Robert Salcido (SBN 139138)
rsalcido@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
4 Park Plaza, Suite 1900
Irvine, CA 92614
Telephone:  (949) 885-4100
Facsimile:  (949) 885-4101

*Attorneys for Defendant Epic Systems Corporation*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CureIS Healthcare, Inc.,<br><br>                    Plaintiff,<br><br>          v.<br><br>Epic Systems Corporation,<br><br>                    Defendant. | Case No.: 3:25-cv-04108-MMC<br><br>**DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Judge:  Hon. Maxine M. Chesney |

Pursuant to Civil Local Rule 7-11 and 79-5(f), Defendant Epic Systems Corporation ("Epic") submits this administrative motion to consider whether another party's material should be sealed ("Administrative Motion"), filed in connection with Defendant's Notice of Motion and Motion to Transfer Venue to the Western District of Wisconsin Pursuant to 28 U.S.C. § 1404(a) (Epic's "Motion to Transfer Venue"), Declaration of Lauren A. Moskowitz in Support of Defendant Epic Systems Corporation's Motion to Transfer Venue ("Moskowitz Declaration"), Exhibits C and D accompanying the Moskowitz Declaration, and the Declaration of Jennifer Peterson in Support of Defendant Epic Systems Corporation's Motion to Transfer Venue ("Peterson Declaration").  The portions of documents Epic seeks to temporarily file under seal are listed below:

| Document | Corresponding Page and Line Number(s) |
|---|---|
| Motion to Transfer Venue | Page 5, Lines 6-8 |
| Motion to Transfer Venue | Page 6, Line 21 |
| Motion to Transfer Venue | Page 6, Lines 23-24 |
| Motion to Transfer Venue | Pages 6-7, Lines 25-1, Fn. 3 |
| Motion to Transfer Venue | Page 12, Lines 13, 15 |
| Motion to Transfer Venue | Page 13, Lines 25-28 |
| Motion to Transfer Venue | Page 14, Line 2 |
| Motion to Transfer Venue | Page 14, Lines 4-6, 8 |
| Motion to Transfer Venue | Page 14, Line 10, Fn. 6 |
| Motion to Transfer Venue | Page 14, Line 12 |
| Motion to Transfer Venue | Page 15, Line 6 |
| Moskowitz Declaration | Page 2, Line 1 |
| Moskowitz Declaration | Page 2, Line 5 |
| Exhibit D to Moskowitz Declaration | Document in its entirety |
| Exhibit E to Moskowitz Declaration | Document in its entirety |
| Peterson Declaration | Page 3, Lines 8-9 |
| Peterson Declaration | Page 4, Lines 4-6 |

-1-

Defendant's Administrative Motion to Consider
Whether Another Party's Material Should Be Sealed          Case No. 3:25-cv-04108-MMC

| Document | Corresponding Page and Line Number(s) |
|---|---|
| Peterson Declaration | Page 4, Lines 8-10 |
| Peterson Declaration | Page 4, Lines 12-14 |
| Peterson Declaration | Page 4, Lines 15-17 |
| Peterson Declaration | Page 4, Lines 19-21 |
| Peterson Declaration | Page 4, Lines 22-24 |
| Peterson Declaration | Page 4, Lines 25-27 |

Magistrate Judge Kim previously granted CureIS HealthCare, Inc.'s ("CureIS") request to redact the names of CureIS's customers named in the Complaint. (*See* Dkt. No. 5 at 1.) Epic reserves the right and intends to file a motion to seek the unsealing of the customer-identifying information that Magistrate Judge Kim previously permitted. Epic disputes CureIS's prior representation submitted in connection with CureIS's Administrative Motion to File Under Seal Portions of Plaintiff's Complaint that it "goes to great lengths to keep the identities of its customers confidential." (Dkt. No. 2 at 2.) Among other reasons, CureIS has publicly touted its relationships with a number of the redacted customers on its own website for years.

Nonetheless, given that Magistrate Judge Kim's order currently remains in place, Epic provisionally files portions of its Motion to Transfer, Moskowitz Declaration, Exhibits C and D accompanying the Moskowitz Declaration, and Peterson Declaration under seal because they reflect information regarding the same customers covered by that order, including the business addresses of those customers and the names of Epic employees who are specifically assigned to those customers, whose identities could potentially be used to reveal the identities of the underlying customers. Epic reserves the right and intends to oppose, under Rule 79-5(f)(4), any submission CureIS makes to support sealing of this information under Rule 79-5(f)(3).

Dated: June 17, 2025

Respectfully submitted,

By: */s/ Lauren A. Moskowitz*

**CRAVATH, SWAINE & MOORE LLP**

Lauren A. Moskowitz (*pro hac vice*)
lmoskowitz@cravath.com
Lauren M. Rosenberg (*pro hac vice*)
lrosenberg@cravath.com
375 Ninth Avenue
New York, New York 10001
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

**AKIN GUMP STRAUSS HAUER & FELD LLP**

Robert Salcido (SBN 139138)
rsalcido@akingump.com
4 Park Plaza, Suite 1900
Irvine, California 92614
Telephone: (949) 885-4100
Facsimile: (949) 885-4101

*Attorneys for Defendant Epic Systems Corporation*

-3-

Defendant's Administrative Motion to Consider
Whether Another Party's Material Should Be Sealed          Case No. 3:25-cv-04108-MMC