QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Adam Wolfson (Bar No. 262125)
  adamwolfson@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:    (213) 443-3000
Facsimile:    (213) 443-3100

  Paulina Slagter (Bar No. 318559)
  paulinaslagter@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone:    (650) 801 5000
Facsimile:    (650) 801 5100

*Attorneys for Plaintiff CureIS Healthcare, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CureIS Healthcare, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> Epic Systems Corporation, <br><br> Defendant. | Case No. 3:25-cv-04108-MMC <br><br> **PLAINTIFF'S SEALING STATEMENT REGARDING DOCUMENTS SUBMITTED WITH DEFENDANT'S MOTION TO TRANSFER VENUE FILED PURSUANT TO LOCAL RULES 70-5(F)(3) AND 79(C)(1)** <br><br> Judge: Hon. Maxine M. Chesney |

## I. INTRODUCTION

Defendant Epic Systems Corporation ("Epic")'s Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed (Dkt. 23) is an improper motion for reconsideration. The Court already ruled that Plaintiff CureIS Healthcare Inc. ("CureIS")'s confidential customer names should be kept under seal. Dkt. 5. ("the names of its customers…shall be filed under seal").

On June 17, 2025, Epic filed its Administrative Motion to Consider Whether Plaintiff's Material Should be Sealed pursuant to Civil Local Rule 7-11 and 79-5(f). Dkt. 23. Under Rule 79-5(f), CureIS is required to file "a statement and/or declaration as described in Civil Local Rule 79-5(c)(1)" explaining why certain information filed by Epic should be sealed. As explained in CureIS's Administrative Motion to File the Complaint Under Seal, Dkt. 2, and the Declaration of Chris Sawotin, submitted in support of CureIS's sealing motion, Dkt. 2-1, the names of CureIS's customers and the existence of confidential contractual relationships would harm CureIS's competitive standing if publicly disclosed. Plaintiff CureIS therefore requests that the Court maintain under seal certain information filed by Epic in connection with its Motion to Transfer Venue (Dkts. 22, 22-1 through 22-5).

This sealing statement concerns largely the same content as its May 12, 2025 submission (Dkt. 2). CureIS maintains the same positions and confidentiality designations. The contractual relationships that Epic induced CureIS's customers to breach are confidential in themselves by their contractual terms. Further, CureIS goes to great lengths to keep the identities of its customers confidential. Dkt. 2-1, Sawotin Decl. ¶ 4. Finally, the terms and negotiations between CureIS and its current or prospective customers are commercially sensitive and confidential. For these reasons, as with CureIS's Complaint, there are "compelling reasons" to maintain under seal customer-identifying information in Defendant's Motion to Transfer and supporting documents. (Dkts. 22, 22-1 through 22-5.)

## II. ARGUMENT

### A. Plaintiff CureIS Requests to Maintain Under Seal the Following Information

CureIS respectfully seeks to maintain under seal portions of (or in some cases the entirety of) Defendant's Notice of Motion and Motion to Transfer Venue to the Western District of Wisconsin Pursuant to 28 U.S.C. § 1404(a) (Epic's "Motion to Transfer"), Declaration of Lauren A. Moskowitz in Support of Defendant Epic Systems Corporation's Motion to Transfer ("Moskowitz Declaration"), Exhibits C and D accompanying the Moskowitz Declaration, and the Declaration of Jennifer Peterson in Support of Defendant Epic Systems Corporation's Motion to Transfer Venue ("Peterson Declaration"):

| Document | Corresponding Page and Line Number(s) |
|---|---|
| Motion to Transfer Venue | Page 5, Lines 6-8 |
| Motion to Transfer Venue | Page 6, Line 21 |
| Motion to Transfer Venue | Page 6, Lines 23-24 |
| Motion to Transfer Venue | Pages 6-7, Lines 25-1, Fn. 3 |
| Motion to Transfer Venue | Page 12, Lines 13, 15 |
| Motion to Transfer Venue | Page 13, Lines 25-28 |
| Motion to Transfer Venue | Page 14, Line 2 |
| Motion to Transfer Venue | Page 14, Lines 4-6, 8 |
| Motion to Transfer Venue | Page 14, Line 10, Fn. 6 |
| Motion to Transfer Venue | Page 14, Line 12 |
| Motion to Transfer Venue | Page 15, Line 6 |
| Moskowitz Declaration | Page 2, Line 1 |
| Moskowitz Declaration | Page 2, Line 5 |
| Exhibit D to Moskowitz Declaration | Document in its entirety |
| Exhibit E to Moskowitz Declaration | Document in its entirety |
| Peterson Declaration | Page 3, Lines 8-9 |
| Peterson Declaration | Page 4, Lines 4-6 |

If publicly disclosed, the aforementioned information, which includes CureIS's confidential customers' information, could provide competitors with a significant advantage by revealing CureIS's confidential business strategies and customer relationships. Such disclosure would enable competitors to undercut CureIS's pricing, replicate its contractual terms, or target its customers directly, thereby harming CureIS's competitive standing and jeopardizing its customer relationships.

### A. The Court Already Granted CureIS's Request to Seal Customer-Identifying Information

On May 13, 2025, the Court granted CureIS motion to seal limited portions of its Complaint. Dkt. 5. In so doing, the Court found that maintaining the confidentiality of non-public contractual relationships "safeguard[s] against competitive harm" and thus "constitute[s] compelling reasons that justify sealing." *Id.* The Court also found CureIS's sealing of customer-identifying information "narrowly tailored" and as such, ruled that customer-identifying information "shall be filed under seal." *Id.*

### B. CureIS Has Already Established A Proper Basis For Sealing

The Court should maintain under seal the identified portions of Defendant's Motion to Transfer and its supporting documents because Plaintiff CureIS has already demonstrated compelling reasons for sealing. CureIS confirms that the provisional sealing of customer-identifying information in these filings is consistent with Magistrate Judge Kim's prior order, which recognized that the identities of CureIS's customers constitute confidential business information warranting protection from public disclosure. *See* May 13, 2025 Order, Dkt. 4 (finding that "the names of its customers" and "confidential negotiations" constitute "compelling reasons that justify sealing"); *see also Flextronics Int'l USA, Inc. v. Murata Mfg*. Co., 2019 WL 13554029, at *2 (N.D. Cal. Dec. 16, 2019) (granting motion to seal "as to confidential customer identities"); *Mezzadri v. Med. Depot, Inc.*, 2015 WL 12564223, at *2 (S.D. Cal. Dec. 18, 2015) (sealing customer lists); *Finjan, Inc. v. Cisco Sys. Inc*., 2019 WL 4168952, at *2 (N.D. Cal. Sept. 3, 2019) (sealing material revealing proprietary product functionality).

The proposed sealing is also narrowly tailored to cover only the sealable material. As explained in the Declaration of Chris Sawotin, CureIS's CEO, Dkt. 2-1, public disclosure of its customers' identities and the existence of confidential contractual relationships could cause significant competitive harm to CureIS and would risk violating its contractual obligations to those customers. Id. ¶ 4.

As with CureIS's complaint, Defendant's Motion to Transfer contains CureIS's confidential customer identities, reveals the existence and terms of confidential contracts, and non-public contract negotiations—each of which qualifies for protection under the "compelling reasons" standard. *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008); *Sumotext Corp. v. Zoove, Inc.*, No. 16-CV-01370-BLF, 2020 WL 836737, at *3 (N.D. Cal. Feb. 20, 2020) ("Closely-negotiated or customer-specific terms are sealable under Ninth Circuit law, as they could be used by competitors to undercut [CureIS] or by potential customers to demand more favorable terms in negotiations."); *Finisar Corp. v. Nistica, Inc.*, 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015). CureIS maintains the confidentiality of this information through reasonable measures, including contractual restrictions and internal security protocols. Sawotin Decl. ¶ 4. As such, CureIS's request to maintain under seal references to confidential customer identities and the existence of confidential contractual relationships in Defendant's Motion to Transfer and supporting materials should be granted.

CureIS further notes Epic's stated intention to file a future motion seeking to unseal this customer-identifying information. CureIS disputes Epic's characterization of CureIS's past disclosures of the customers at issue, and it intends to vigorously oppose any future motion by Epic to unseal this material pursuant to Civil Local Rule 79-5(f)(4).

**III.   CONCLUSION**

For the foregoing reasons, CureIS respectfully requests that the redacted portions of Defendant's Motion to Transfer and supporting papers, identified above, remain under seal.

DATED: June 24, 2025             QUINN EMANUEL URQUHART &
                                 SULLIVAN, LLP


                                 By   /s/ Adam B. Wolfson
                                     Adam B. Wolfson
                                     *Attorneys for Plaintiff,*
                                     *CureIS Healthcare, Inc.*