1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Adam Wolfson (Bar No. 262125)
2    adamwolfson@quinnemanuel.com
   Ryan S. Landes (Bar No. 252642)
3    ryanlandes@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
4  Los Angeles, California 90017-2543
   Telephone:    (213) 443-3000
5  Facsimile:    (213) 443-3100

6  Paulina Slagter (Bar No. 318559)
     paulinaslagter@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, CA 94065
8  Telephone:    (650) 801 5000
   Facsimile:    (650) 801 5100

9  *Attorneys for Plaintiff CureIS Healthcare, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CureIS Healthcare, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> Epic Systems Corporation, <br><br> Defendant. | Case No. 3:25-cv-04108-MMC <br><br> **PLAINTIFF CUREIS HEALTHCARE INC.'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE PARTIALLY UNDER SEAL PORTIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT** <br><br> **[Civil L.R. 7-11, 79-5]** <br><br> *[Filed concurrently with the Declaration of Chris Sawotin in Support of Administrative Motion for Leave to File Under Seal; CureIS's First Amended Complaint; Proposed Order]* <br><br> Trial Date:    None Set |

Pursuant to Civil Local Rules 7-11 and 79-5 and Federal Rule of Civil Procedure 26(c)(1), Plaintiff CureIS Healthcare, Inc. ("CureIS" or "Plaintiff") hereby respectfully moves for administrative relief in the form of an order permitting Plaintiff to: (1) file under seal an unredacted version of Plaintiff's First Amended Complaint ("FAC"), and (2) publicly file the FAC with limited portions redacted that contain Plaintiff's and third parties' confidential and sensitive business information. As described below, and in the accompanying Declaration of Chris Sawotin, the Opposition contains limited non-public and commercially sensitive information regarding Plaintiff's customer relationships and confidential customer contracts.

The requested relief is narrowly tailored because it seeks to preserve the confidentiality of only confidential, proprietary, and commercially sensitive information contained in the FAC, and the redactions in the public version are limited to that material. The confidential information relates to the existence and terms of software subscription agreements between CureIS and seven of its customers. Such information is non-public by the terms of the customer agreements themselves, which require their existence to remain confidential, and in light of the sensitive business information contained therein. CureIS maintains the confidentiality of such information at all times.

Plaintiff has not obtained a stipulation pursuant to Civil Local Rule 7-11(a) because the FAC has not yet been served on Defendant Epic Systems Inc.

Plaintiff's request is based on this Administrative Motion, the below Memorandum of Points and Authorities, and the Declaration of Chris Sawotin. Plaintiff has also concurrently lodged a proposed order narrowly tailored to seal only the sealable material, and which lists in table format each portion of the FAC sought to be sealed, pursuant to Civil Local Rule 79-5(c)(3).

DATED: July 14, 2025

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By _____
Adam Wolfson
*Attorneys for Plaintiff,*
*CureIS Healthcare, Inc.*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

CureIS's FAC alleges that Epic Systems Corporation ("Epic" or "Defendant"), among other things, tortiously interfered with CureIS's customer relationships, disparaged CureIS to CureIS's customers, blocked CureIS's access to customer data due to security concerns, and made misrepresentations to CureIS's customers to induce their breach.

The contractual relationships that Epic induced CureIS's customers to breach are confidential in themselves by their terms. Further, CureIS goes to great lengths to keep the identities of its customers confidential. Finally, the terms and negotiations between CureIS and its current or prospective customers are commercially sensitive and confidential. For these reasons, there are "compelling reasons" to grant CureIS administrative leave to file under seal portions of its FAC that identify its customers by name or disclose commercially sensitive and confidential customer contracts or negotiations. If publicly disclosed, the terms, pricing, and existence of CureIS's subscription license agreements could provide competitors with a significant advantage by revealing CureIS's confidential business strategies and customer relationships. Such disclosure would enable competitors to undercut CureIS's pricing, replicate its contractual terms, or target its customers directly, thereby harming CureIS's competitive standing and jeopardizing its customer relationships.

The Court has previously recognized the sensitive nature of this information and granted CureIS's request to seal customer-identifying information in the complaint. (Dkt. 5.) CureIS respectfully requests that the Court remain consistent with its prior ruling and apply the same reasoning to the present motion.

## II. ARGUMENT

### A. Plaintiff Seeks to Seal Limited Confidential Customer Information

CureIS respectfully seeks to file under seal limited portions of the FAC that reveal the identities of its customers, the existence of confidential contractual relationships, non-public negotiations, and references to the terms of its subscription license agreements. (*See* Sawotin Decl. ¶ 4.) The specific information CureIS seeks to redact is highlighted in the unredacted version of the

FAC submitted concurrently with this Administrative Motion, and appears in the following paragraphs:

| Opposition Paragraphs | Reasons for Sealing (Highlighted Portions Only) |
|---|---|
| 13, 16, 48, 52-62, 64-67, 69-84, 90-91, 96, 101, 140-143, 145-150, 153, 156-157, 159-160, 164-166 | Non-public and commercially sensitive information regarding CureIS's customer relationships and confidential customer contracts |

(*Id.* ¶ 4.)

### B. The Court Should Grant Plaintiff's Motion to Partially Seal Its Opposition

CureIS seeks to seal confidential customer identities, the existence and terms of confidential contracts, and non-public contract negotiations—each of which qualifies for protection under the "compelling reasons" standard. Courts in the Ninth Circuit routinely permit sealing of such commercially sensitive information to prevent competitive harm and protect trade secrets.

Customer identities and the existence and terms of confidential contracts satisfy the compelling reasons standard because disclosure would risk significant competitive harm by enabling competitors to solicit CureIS's customers, disrupt business relationships, and gain access to commercially sensitive, non-public information. (*See* Sawotin Decl. ¶ 5.) CureIS maintains the confidentiality of this information through reasonable measures, including contractual restrictions and internal security protocols. (*See id.* ¶ 5.)

The Ninth Circuit has expressly recognized that sealing is appropriate where disclosure of confidential information, especially sensitive contract negotiations, could be exploited by competitors or used by prospective customers to demand more favorable terms. *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008); *Sumotext Corp. v. Zoove, Inc.*, No. 16-CV-01370-BLF, 2020 WL 836737, at *3 (N.D. Cal. Feb. 20, 2020) ("Closely-negotiated or customer-specific terms are sealable under Ninth Circuit law, as they could be used by competitors to undercut [CureIS] or by potential customers to demand more favorable terms in negotiations."). Courts also regularly seal contracts that contain proprietary and confidential business information. *See Finisar Corp. v. Nistica, Inc.*, 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015).

Finally, CureIS's Administrative Motion to seal, seeking limited redaction of confidential information regarding customer identities, is narrowly tailored to redact only those limited categories of information necessary to protect its legitimate confidentiality interests and safeguard against competitive harm. *See Flextronics Int'l USA, Inc. v. Murata Mfg. Co.*, 2019 WL 13554029, at *2 (N.D. Cal. Dec. 16, 2019) (granting motion to seal "as to confidential customer identities"); *Mezzadri v. Med. Depot, Inc.*, 2015 WL 12564223, at *2 (S.D. Cal. Dec. 18, 2015) (sealing customer lists); *Finjan, Inc. v. Cisco Sys. Inc.*, 2019 WL 4168952, at *2 (N.D. Cal. Sept. 3, 2019) (sealing material revealing proprietary product functionality). As such, CureIS's request to seal limited portions of its FAC should be granted.

## III. CONCLUSION

For the foregoing reasons, CureIS respectfully requests that the Court grant CureIS's Administrative Motion to Seal.

DATED: July 14, 2025

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Adam Wolfson
Adam Wolfson
*Attorneys for Plaintiff,*
*CureIS Healthcare, Inc.*