QUINN EMANUEL URQUHART & SULLIVAN, LLP
Adam Wolfson (Bar No. 262125)
   adamwolfson@quinnemanuel.com
Ryan S. Landes (Bar No. 252642)
   ryanlandes@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:     (213) 443-3000
Facsimile:     (213) 443-3100

Paulina Slagter (Bar No. 318559)
   paulinaslagter@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone:     (650) 801 5000
Facsimile:     (650) 801 5100

*Attorneys for Plaintiff CureIS Healthcare, Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CureIS Healthcare, Inc.,<br><br>            Plaintiff,<br><br>    vs.<br><br>Epic Systems Corporation,<br><br>            Defendant. | Case No. 3:25-cv-04108-MMC<br><br>**CHRISTOPHER SAWOTIN DECLARATION IN OPPOSITION TO DEFENDANT EPIC SYSTEMS CORPORATION'S MOTION TO PARTIALLY UNSEAL THE COMPLAINT**<br><br>Judge:         Hon. Maxine M. Chesney<br><br>Trial Date:    None Set |

**DECLARATION OF CHRISTOPHER SAWOTIN**

I, Christopher Sawotin, declare as follows:

1. I am the Chief Executive Officer and co-founder of CureIS Healthcare, Inc. ("CureIS"), the plaintiff in the above-listed action. I have served CureIS in this capacity since I founded CureIS, in 2006.

2. I make this declaration in support of CureIS's opposition to the motion to partially unseal filed by defendant Epic Systems Corporation ("Epic"). Except as otherwise indicated, I have personal knowledge of the facts stated herein and could testify competently thereto if called to do so in this matter.

3. Exhibits A through H attached to the Lauren Moskowitz declaration are two archival webpages containing announcements of joint marketing initiatives that were expressly consented to by each customer in coordination with each customer. The webpages screenshotted as Exhibits A through H reflect product implementations that occurred in 2009 and 2014.

4. These webpages are no longer publicly accessible on CureIS's website or any other current public platform.

5. CureIS maintains strict confidentiality protocols for all confidential customer information, including contractual restrictions and internal security measures to prevent unauthorized disclosure.

6. The customers referenced in the sealed portions of CureIS's complaint have not authorized public disclosure of the existence of the specific confidential contracts that Epic disrupted, competitively sensitive product implementation timelines, their internal concerns about Epic, or the names of their employees involved in sensitive and non-public contract negotiations.

7. The presentation referenced in Exhibit J attached to the Lauren Moskowitz declaration was a joint presentation with ███████ at a Western Region User Group/Managed Care Advisory Group conference in June 2013. We shared this level of technical detail at this particular venue because the conference participants were healthcare organizations focused on improving managed care and patient outcomes. The presentation was made publicly accessible due to technical difficulties at the conference—when display issues arose, it was uploaded online to

1 enable the presentation to proceed. This online version was inadvertently left accessible after the conference was finished, but has since been removed once it was brought to my attention.

3    8.   The 2015 social media post referenced in Exhibit I was authorized by the customer referenced and refers to an authorized announcement of a product launch in 2014. This post did not reveal any confidential contractual terms or information relevant to the recent allegations and is no longer accessible to the public.

    9.   The confidential contracts at issue in this case contain confidentiality provisions that prohibit CureIS from publicly disclosing the existence and terms of these agreements.

    10.  None of the now inaccessible webpages referenced in Epic's exhibits disclose the specific contractual terms, negotiations, or business relationships that are at issue in this litigation.

    11.  Epic's acquisition of CureIS's confidential product information has directly resulted in competitive harm to CureIS. After Epic obtained CureIS's proprietary product specifications and implementation details through mutual customers, Epic began disrupting CureIS's contractual negotiations, falsely representing to CureIS's customers that Epic could replicate the exact same functionality described in CureIS's confidential product implementation proposals, and even provided timelines for delivering Epic's competing solution.

    12.  Epic used the confidential information it obtained about CureIS's products to actively discourage customers from using CureIS solutions while accelerating development of its own competing products.

    I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this declaration was executed in Ketchikan, Alaska, on July 18, 2025.

DATED:  July 18, 2025

07/18/2025



Chris Sawotin (Jul 18, 2025 19:53 AKDT)

Christopher Sawotin, CEO of CureIS Healthcare, Inc.