QUINN EMANUEL URQUHART & SULLIVAN, LLP
Adam B. Wolfson (Bar No. 262125)
  adamwolfson@quinnemanuel.com
Ryan S. Landes (Bar No. 252642)
  ryanlandes@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:    (213) 443-3000
Facsimile:    (213) 443-3100

Paulina Slagter (Bar No. 318559)
  paulinaslagter@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone:    (650) 801 5000
Facsimile:    (650) 801 5100

*Attorneys for Plaintiff CureIS Healthcare, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CureIS Healthcare, Inc.,<br><br>            Plaintiff,<br><br>      vs.<br><br>Epic Systems Corporation,<br><br>            Defendant. | Case No. 3:25-cv-04108-MMC<br><br>**PLAINTIFF'S SEALING STATEMENT IN RESPONSE TO DEFENDANT'S OPPOSITION TO CUREIS'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE PARTIALLY UNDER SEAL PORTIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Judge: Hon. Maxine M. Chesney |

Case No. 3:25-cv-04108-MMC

PLAINTIFF CUREIS'S SEALING STATEMENT IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE PARTIALLY UNDER SEAL CUREIS'S FIRST AMENDED COMPLAINT

13677-00001/17160680.3

## I. INTRODUCTION

Defendant Epic Systems Corporation ("Epic")'s Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed (Dkt. 41) incorporates by reference the arguments made in its Notice of Motion and Motion to Partially Unseal CureIS's Complaint, which is an improper motion for reconsideration. *See* CureIS's Opposition to Epic's Motion to Partially Unseal CureIS's Complaint, Dkt. 42. As explained in CureIS's Opposition to Epic's Motion to Partially Unseal, which is incorporated by reference to this Responsive Sealing Statement, the Court already ruled that Plaintiff CureIS Healthcare Inc. ("CureIS")'s confidential customer names should be kept under seal. Dkt. 5. ("the names of its customers…shall be filed under seal").

On July 14, 2025, CureIS filed its Administrative Motion to file its First Amended Complaint ("FAC") partially under seal pursuant to Civil Local Rule 7-11 and 79-5. Dkt. 40, 38. As explained in CureIS's Administrative Motion to File the Complaint Under Seal, Dkt. 38, and the Declaration of Chris Sawotin, submitted in support of CureIS's sealing motion, Dkt. 38-1, the names of CureIS's customers and the existence of confidential contractual relationships would harm CureIS's competitive standing if publicly disclosed. Plaintiff CureIS therefore requests that the Court maintain partially under seal certain limited information contained in CureIS's First Amended Complaint, filed on July 14, 2025. Dkts. 40, 38-1, 38-2.

This sealing statement concerns largely the same content as CureIS's May 12, 2015 and July 14, 2025 submissions. Dkts. 2, 40. CureIS maintains the same positions and confidentiality designations. The contractual relationships that Epic induced CureIS's customers to breach are confidential in themselves by their contractual terms. Further, CureIS goes to great lengths to keep the identities of its customers confidential. Dkt. 38-1, Sawotin Decl. ¶ 5. Finally, the terms and negotiations between CureIS and its current or prospective customers are commercially sensitive and confidential. For these reasons, there are "compelling reasons" to maintain under seal customer-identifying information in CureIS's FAC. Dkts. 40, 38, 38-1.

## II. ARGUMENT

### A. Plaintiff CureIS Requests to Maintain Under Seal the Following Information

CureIS respectfully seeks to maintain under seal portions of its First Amended Complaint, as follows:

| Sealed Paragraphs in FAC | Reasons for Sealing (Highlighted Portions Only) |
|---|---|
| 13, 16, 48, 52-62, 64-67, 69-84, 90-91, 96, 101, 140-143, 145-150, 153, 156-157, 159-160, 164-166 | Non-public and commercially sensitive information regarding CureIS's customer relationships and confidential customer contracts |

If publicly disclosed, the aforementioned information, which includes CureIS's confidential customers' information, could provide competitors with a significant advantage by revealing CureIS's confidential business strategies and customer relationships. Such disclosure would enable competitors to undercut CureIS's pricing, replicate its contractual terms, or target its customers directly, thereby harming CureIS's competitive standing and jeopardizing its customer relationships.

### A. The Court Already Granted CureIS's Request to Seal Customer-Identifying Information

On May 13, 2025, the Court granted CureIS motion to seal limited portions of its Complaint. Dkt. 5. In so doing, the Court found that maintaining the confidentiality of non-public contractual relationships "safeguard[s] against competitive harm" and thus "constitute[s] compelling reasons that justify sealing." *Id.* The Court also found CureIS's sealing of customer-identifying information was "narrowly tailored" and as such, ruled that customer-identifying information "shall be filed under seal." *Id.*

### B. CureIS Has Already Established A Proper Basis For Sealing

The Court should maintain under seal the identified portions of CureIS's FAC because Plaintiff CureIS has already demonstrated compelling reasons for sealing. CureIS confirms that the provisional sealing of customer-identifying information in these filings is consistent with Magistrate Judge Kim's prior order, which recognized that the identities of CureIS's customers constitute

confidential business information warranting protection from public disclosure. *See* May 13, 2025 Order, Dkt. 5 (finding that "the names of its customers" and "confidential negotiations" constitute "compelling reasons that justify sealing"); *see also Flextronics Int'l USA, Inc. v. Murata Mfg*. Co., 2019 WL 13554029, at *2 (N.D. Cal. Dec. 16, 2019) (granting motion to seal "as to confidential customer identities"); *Mezzadri v. Med. Depot*, Inc., 2015 WL 12564223, at *2 (S.D. Cal. Dec. 18, 2015) (sealing customer lists); *Finjan, Inc. v. Cisco Sys. Inc*., 2019 WL 4168952, at *2 (N.D. Cal. Sept. 3, 2019) (sealing material revealing proprietary product functionality).

The proposed sealing is also narrowly tailored to cover only the sealable material. As explained in the Declaration of Chris Sawotin, CureIS's CEO, Dkt. 38-1, public disclosure of its customers' identities and the existence of confidential contractual relationships could cause significant competitive harm to CureIS and would risk violating its contractual obligations to those customers. *Id*. ¶ 4, 5.

As with CureIS's initial complaint, CureIS's FAC contains CureIS's confidential customer identities, reveals the existence and terms of confidential contracts, and non-public contract negotiations—each of which qualifies for protection under the "compelling reasons" standard. *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008); *Sumotext Corp. v. Zoove, Inc.*, No. 16-CV-01370-BLF, 2020 WL 836737, at *3 (N.D. Cal. Feb. 20, 2020) ("Closely-negotiated or customer-specific terms are sealable under Ninth Circuit law, as they could be used by competitors to undercut [CureIS] or by potential customers to demand more favorable terms in negotiations."); *Finisar Corp. v. Nistica, Inc*., 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015). CureIS maintains the confidentiality of this information through reasonable measures, including contractual restrictions and internal security protocols. Sawotin Decl. ¶ 5. As such, CureIS's request to maintain under seal references to confidential customer identities and the existence of confidential contractual relationships in CureIS's FAC should be granted.

III. **CONCLUSION**

For the foregoing reasons, CureIS respectfully requests that the redacted portions of CureIS's FAC, identified above, remain under seal.

DATED: July 23, 2025

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ Adam B. Wolfson
Adam B. Wolfson
Ryan S. Landes
*Attorneys for Plaintiff,*
*CureIS Healthcare, Inc.*