Lauren A. Moskowitz (*pro hac vice*)
lmoskowitz@cravath.com
Lauren M. Rosenberg (*pro hac vice*)
lrosenberg@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
375 Ninth Avenue
New York, New York 10001
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

Robert Salcido (SBN 139138)
rsalcido@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
4 Park Plaza, Suite 1900
Irvine, CA 92614
Telephone: (949) 885-4100
Facsimile: (949) 885-4101

*Attorneys for Defendant Epic Systems Corporation*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CureIS Healthcare, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Epic Systems Corporation, <br><br> Defendant. | Case No.: 3:25-cv-04108-MMC <br><br> **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO PARTIALLY UNSEAL CUREIS HEALTHCARE, INC.'S COMPLAINT** <br><br> Hearing Date: August 8, 2025 <br><br> Time: 9:00 a.m. <br><br> Judge: Hon. Maxine M. Chesney |

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION .................................................................................................................1

ARGUMENT.........................................................................................................................2

I. Epic's Motion to Unseal Was Properly Filed Pursuant to Civil Local Rule 79-5(g)(3). .................................................................................................................2

II. CureIS Fails to Show Compelling Reasons to Seal Customer Information. ......................4

    A. CureIS Publicly Disclosed Customer Names It Now Seeks to Seal........................5

    B. CureIS's Generalized Assertions Supporting Sealing Are Inadequate....................8

III. The Public Interest Supports Unsealing CureIS's Complaint..........................................10

CONCLUSION....................................................................................................................13

-i-

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Amtrust Int'l Underwriters DAC v. 180 Life Sci. Corp.*,
  No. 22-cv-03844-BLF, 2025 WL 71987 (N.D. Cal. Jan. 9, 2025) ........................................... 6

*BBK Tobacco & Foods LLP v. Skunk Inc.*,
  No. CV-18-02332-PHX-JAT, 2020 WL 6940811 (D. Ariz. Nov. 25, 2020) ........................... 8

*Buhl v. Abbott Labs.*,
  No. 17-cv-04244-NC, 2019 WL 13248007 (N.D. Cal. Feb. 19, 2019) ..................................... 9

*California Expanded Metal Prods. Co. v. Klein*,
  No. C18-0659-JLR, 2020 WL 5909809 (W.D. Wash. Oct. 5, 2020) ....................................... 4

*CreAgri, Inc. v. Panniclife Inc.*,
  No. 5:11-CV-06635-LHK, 2014 WL 27028 (N.D. Cal. Jan. 2, 2014) ................................... 12

*Dioquino v. United of Omaha Life Ins. Co.*,
  No. 20-cv-0167-BAS-RAB, 2021 WL 873286 (S.D. Cal. Mar. 9, 2021) .............................. 11

*Exeltis USA Inc. v. First Databank, Inc.*,
  No. 17-cv-04810-HSG, 2020 WL 2838812 (N.D. Cal. June 1, 2020) ..................................... 8

*Fairbairn v. Fidelity Invs. Charitable Gift Fund*,
  No. 18-cv-04881-JSC, 2020 WL 6788864 (N.D. Cal. Mar. 2, 2020) .................................. 8, 9

*FibroGen, Inc. v. Hangzhou Andao Pharm. Ltd.*,
  No. 3:22-cv-07148-AMO, 2023 WL 6237986 (N.D. Cal. Sept. 22, 2023) .............................. 5

*Foltz v. State Farm Mut. Auto Ins. Co.*,
  331 F.3d 1122 (9th Cir. 2003) ............................................................................................... 11

*Huawei Techs. v. Samsung Elecs. Co., Ltd.*,
  No. 3:16-cv-02787, 2018 WL 1116738 (N.D. Cal. Mar. 1, 2018) ........................................... 3

*In re Google Inc. Gmail Litig.*,
  No. 13-MD-02430-LHK, 2014 WL 10537440 (N.D. Cal. Aug. 6, 2014) ............................ 4, 5

*In re Google Location History Litig.*,
  514 F. Supp. 3d 1147 (N.D. Cal. 2021) ............................................................................ 2, 10

*In re High-Tech Emp. Antitrust Litig.*,
  No. 5:11-cv-02509-LHK, Dkt. No. 1047 (N.D. Cal. Jan. 30, 2015) ........................................ 3

*In re Twitter Inc. Sec. Litig.*,
  No. 16-cv-05314-JST, 2020 WL 2519888 (N.D. Cal. May 18, 2020) ..................................... 4

*Kyocera Wireless Corp. v. SPH Am., LLC*,
  No. 09-cv-0299 DMS(RBB), 2009 WL 10672086 (S.D. Cal. Apr. 3, 2009) .......................... 6

*Louisiana Pac. Corp. v. Money Mkt. 1 Inst. Inv. Dealer*,
  No. 09-cv-03529 JSW (NC), 2013 WL 636028 (N.D. Cal. Feb. 20, 2013) ............................. 6

*Open Text S.A. v. Box, Inc.*,
  No. 13-cv-04910-JD, 2014 WL 7368594 (N.D. Cal. Dec. 26, 2014) ..................................... 9

*Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*,
  307 F.3d 1206 (9th Cir. 2002) ............................................................................................ 11

*Roberts v. AT&T Mobility LLC*,
  No. 15-cv-03418-EMC, 2018 WL 1317346 (N.D. Cal. Mar. 14, 2018) ................................. 3

*Simpson Strong-Tie Co. Inc. v. MiTek Inc.*,
  No. 20-cv-06957-VKD, 2023 WL 9187547 (N.D. Cal. Dec. 15, 2023) ................................ 10

*Stemmelin v. Matterport, Inc.*,
  No. C 20-04168 WHA, 2022 WL 1422567 (N.D. Cal. May 5, 2022) ..................................... 8

*Tevra Brands LLC v. Bayer HealthCare LLC*,
  No. 19-cv-04312-BLF, 2020 WL 1245352 (N.D. Cal. Mar. 16, 2020) ................................ 12

*Twitch Interactive, Inc. v. FishwoodCo GmbH*,
  No. 22-cv-03218-VKD, 2023 WL 2026528 (N.D. Cal. Feb. 15, 2023) ................................... 2

*Weiss v. Sovereign Nation of Afghanistan*,
  No. 23-cv-02827-HSG, 2023 WL 8530506 (N.D. Cal. Nov. 21, 2023) .......................... 12, 13

*Zayas v. Ortega*,
  No. 17-cv-02739-EMC, 2018 WL 11227735 (N.D. Cal. Aug. 10, 2018) ............................... 3

**Statutes & Rules**

Civil L.R. 7-9 .................................................................................................................... 2, 3, 4

Civil L.R. 79-5 ................................................................................................................... 1, 2, 3

**Other Authorities**

Defendants' Opposition to Plaintiffs' Motion to Unseal All Paper Associated with
  Plaintiffs' Motion to Compel, *In re High-Tech Emp. Antitrust Litig.*, No. 5:11-
  cv-02509-LHK (N.D. Cal. Sept. 23, 2014), Dkt. No. 994 ....................................................... 3

Defendant's Statement of Non-Opposition to Plaintiff's Motion for Order
  Permitting Filing Under Seal of Defendants' Motion for Partial Summary
  Judgment and Certain Exhibits Thereto, *BBK Tobacco & Foods LLP v. Skunk
  Inc.*, No. CV-18-02332-PHX-JAT (D. Ariz. Oct. 2, 2020), Dkt. No. 357 ............................. 8

Declaration of Patrick Lupinetti in Support of Exeltis USA, Inc.'s Motion to File
  Under Seal, *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-cv-04810-HSG
  (N.D. Cal. June 21, 2019), Dkt. No. 167-2 ........................................................................... 8

# INTRODUCTION

CureIS[1] comes nowhere close to establishing "compelling reasons" to redact the names of its own customers with whom it claims Epic interfered. To the contrary, CureIS concedes in its Opposition to Epic's Motion to Unseal (Dkt. No. 42 ("Opposition" or "Opp.")) that it publicly disclosed the names of several of these customers for many years to further its own marketing interests. This concession alone is sufficient to grant Epic's Motion to Unseal—information that a party has intentionally publicly disclosed is not properly sealed. Moreover, CureIS's unsupported speculation that it might suffer some unparticularized competitive harm if certain of its customers' identities are made public is insufficient. CureIS fails to overcome the strong presumption in favor of public access to court materials and should not be permitted to shield the specifics of its allegations from the public. CureIS's arguments in its Opposition are without merit.

*First*, Epic's Motion to Unseal is properly brought under the express authority of Civil Local Rule 79-5(g)(3), which permits a party—"at any time"—to "file a motion requesting that the Court unseal a document". CureIS's attempt to argue that Epic's Motion to Unseal is an improper motion for reconsideration of the initial Sealing Order in this case ignores the Local Rule that specifically applies to motions to unseal. (Section I.)

*Second*, CureIS places undue weight on the Court's prior Sealing Order, particularly given that it was entered on an incomplete record without the benefit of the evidence Epic has now put forth in the Motion to Unseal. Indeed, the Sealing Order was entered before counsel for Epic had even appeared in the case. Moreover, CureIS's argument that it "has compelling reasons for protecting customer identities" (Opp. 7) falls flat because CureIS voluntarily disclosed on its own website the identities of many of the very same customers it now seeks to conceal. CureIS cannot have it both ways: it cannot reveal its customers for its own marketing purposes, but then seek to conceal many of those very same customers when it relies on them for

---

[1] Terms used but not defined herein shall have the meaning ascribed to them in Epic's Notice of Motion and Motion to Partially Unseal CureIS's Complaint. (Dkt. No. 25 ("Motion to Unseal" or "Mot.").)

-1-

Defendant's Reply in Support of
Motion to Partially Unseal CureIS's Complaint                             Case No. 3:25-cv-04108-MMC

-2-

its allegations of wrongdoing. CureIS's vague and generic speculation of potential interference is insufficient to establish compelling reasons to seal the customer identifying information at issue. (Section II.)

*Third*, the public interest supports unsealing. CureIS should not be permitted to make and publicize allegations of interference without identifying the identities of the customers with whom Epic allegedly interfered. The information at issue is central to the allegations of the Complaint and is necessary for the public to understand and assess CureIS's allegations, which is the very purpose behind the presumption of public access. (Section III.)

## ARGUMENT

### I. Epic's Motion to Unseal Was Properly Filed Pursuant to Civil Local Rule 79-5(g)(3).

CureIS focuses on form over substance and tries to defeat this motion on a technicality. But CureIS entirely ignores Civil Local Rule 79-5—Filing Documents Under Seal in Civil Cases—in a baseless attempt to misconstrue Epic's Motion to Unseal as an "improper motion for reconsideration". (Opp. 6.) CureIS's position is wrong.

*First*, Epic's Motion to Unseal was properly filed pursuant to Civil Local Rule 79-5(g)(3) (Mot. 1), which expressly provides that "[p]arties or non-parties may, *at any time*, file a motion requesting that the Court unseal a document". Civil L.R. 79-5(g)(3) (emphasis added). Civil Local Rule 79-5(g)(3) does not require any leave of Court to file a motion to unseal. Instead, such motions are permitted at any time by any person—party or non-party. (Mot. 5.) CureIS cites no support—and Epic is aware of none—for the proposition that Civil Local Rule 7-9(a) applies to motions to unseal brought pursuant to Civil Local Rule 79-5(g)(3).

As CureIS would have it, every party seeking to unseal materials in this district would first be required to seek leave of the court, which runs counter to the numerous cases in this district in which courts have assessed motions to unseal without requiring a party to first seek leave for reconsideration. *See, e.g.*, *In re Google Location History Litig.*, 514 F. Supp. 3d 1147, 1160-61 (N.D. Cal. 2021) (addressing cross-motion to unseal an exhibit attached to amended complaint after Court had previously granted request to seal exhibit); *Twitch Interactive, Inc. v.*

*FishwoodCo GmbH*, No. 22-cv-03218-VKD, 2023 WL 2026528, at *1-2 (N.D. Cal. Feb. 15, 2023) (addressing motion to unseal after court had provisionally granted sealing request); *Zayas v. Ortega*, No. 17-cv-02739-EMC, 2018 WL 11227735, at *22-23 (N.D. Cal. Aug. 10, 2018) (addressing motion to unseal document previously ordered sealed). CureIS's position is contrary to the plain language of Civil Local Rule 79-5(g)(3), would be unduly onerous for litigants and courts, and undermines the public's general right to access court documents. It is telling that CureIS entirely ignores the directly on point Local Rule. (Mot. 5.)

Courts that have been faced with the same argument that CureIS asserts here—namely, that a motion to unseal was an improper motion for reconsideration that failed to comply with Civil Local Rule 7-9(a)[2]—have ignored that argument and instead evaluated the request to unseal on the merits, as this Court should do here. *See In re High-Tech Emp. Antitrust Litig.*, No. 5:11-cv-02509-LHK, Dkt. No. 1047 (N.D. Cal. Jan. 30, 2015) (order granting in part and denying in part motion to unseal without addressing Civil Local Rule 7-9(a)).

*Second*, Civil Local Rule 7-9(a) does not make any practical sense in this case and would be inequitable given the manner in which the Sealing Order was entered. CureIS's Sealing Motion was granted the day after it was filed (*see* Dkt. No. 4)—well before Epic's deadline to respond to CureIS's Sealing Motion (*see* Civil L.R. 7-11(b)) and before Epic's counsel had even entered an appearance in this case (*see* Dkt. Nos. 7-9). That is not a circumstance in which a reconsideration standard could or should be applied.

*Third*, even if the Court were to find that Civil Local Rule 7-9 applies (it does not), Epic has met the substantive requirements for reconsideration. *See* Civil L.R. 7-9(b). Epic exercised reasonable diligence in bringing this motion. *Id.*; *see Roberts v. AT&T Mobility LLC*, No. 15-cv-03418-EMC, 2018 WL 1317346, at *2 (N.D. Cal. Mar. 14, 2018) (finding reasonable diligence where party sought reconsideration within approximately one month); *Huawei Techs. v.*

---

[2] *See* Defendants' Opposition to Plaintiffs' Motion to Unseal All Paper Associated with Plaintiffs' Motion to Compel, *In re High-Tech Emp. Antitrust Litig.*, No. 5:11-cv-02509-LHK (N.D. Cal. Sept. 23, 2014), Dkt. No. 994 at 1-3 (opposition arguing failure to comply with Civil Local Rule 7-9(a)).

-3-

Defendant's Reply in Support of
Motion to Partially Unseal CureIS's Complaint          Case No. 3:25-cv-04108-MMC

*Samsung Elecs. Co., Ltd.*, No. 3:16-cv-02787, 2018 WL 1116738, at *2 (N.D. Cal. Mar. 1, 2018) (refusing to deny reconsideration motion for failure to exercise reasonable diligence where reconsideration motion was filed more than four months after prior order).  And, among other things, a material difference in fact exists from that which was presented to the Court before entry of the Sealing Order, because CureIS did not inform the Court that it had previously publicly disclosed many of the customer names it sought to seal.  *See* Civil L.R. 7-9(b)(1).  Indeed, because of the procedural posture, Epic did not have the opportunity to present evidence to the Court on this issue at all.

## II.     CureIS Fails to Show Compelling Reasons to Seal Customer Information.

CureIS has failed to demonstrate compelling reasons to redact customer identifying information in the Complaint.  (Mot. 6-12.)  *First*, nothing in CureIS's Opposition changes the fact that it already publicly disclosed many of the customer names it now seeks to seal.  This is fatal to CureIS's argument, because information that already has been publicly disclosed is not sealable.  *See, e.g.*, *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2014 WL 10537440, at *5 (N.D. Cal. Aug. 6, 2014) ("Both the Ninth Circuit and this Court have held that material that has been publicly disclosed cannot be protected.").[3]  *Second*, rather than articulate particularized reasons supported by facts to justify the redactions in the Complaint as it must, CureIS relies heavily on the prior Sealing Order in this case—which was decided on an incomplete record.  But "compelling reasons must continue to exist to keep judicial records sealed".  *California Expanded Metal Prods. Co. v. Klein*, No. C18-0659-JLR, 2020 WL 5909809, at *2 (W.D. Wash. Oct. 5, 2020) (granting motion to unseal because "[a]lthough the court ha[d] previously concluded that the compelling reasons standard" to seal the at issue

---

[3] CureIS does not even attempt to distinguish *In re Google Inc. Gmail Litigation*, 2014 WL 10537440, at *5.  And while CureIS attempts to distinguish *In re Twitter Inc. Securities Litigation* as based on a failure to show how disclosure would lead to competitive harm (Opp. 8 n.4), CureIS ignores that the court there found *two* reasons the party seeking sealing had not demonstrated compelling reasons for sealing, the second reason being that the information in question was already public.  No. 16-cv-05314-JST, 2020 WL 2519888, at *2 (N.D. Cal. May 18, 2020) ("Second, the information Defendants seek to seal is already in the public domain.").

-4-

Defendant's Reply in Support of
Motion to Partially Unseal CureIS's Complaint                    Case No. 3:25-cv-04108-MMC

1  materials was met, "compelling reasons must continue to exist to keep judicial records sealed"
2  and in light of "new factual information", the reasons for sealing were "no longer compelling").
3  CureIS cannot rely on the past, it must establish that there are compelling reasons today, in light
4  of all the evidence presented, to keep this information under seal.  CureIS offers only generic and
5  conclusory assertions, which fail to meet this test.

      A.    <u>CureIS Publicly Disclosed Customer Names It Now Seeks to Seal.</u>

Epic's Motion to Unseal revealed that CureIS publicly disclosed many of the same customer names redacted in the Complaint on its website, in social media posts, and in other online sources.  (*See* Mot. 7-8; Moskowitz Decl. Exs. A-J.)  CureIS does not dispute that and none of the arguments it makes to avoid the consequences of its public disclosure has merit. (Opp. 9-10; Dkt. No. 42-1 ("Second Sawotin Declaration" or "Second Sawotin Decl.") ¶¶ 3-4, 7-8.)

*First*, "material that has been publicly disclosed cannot be protected".  *In re Google Inc. Gmail Litig.*, 2014 WL 10537440, at *5.  In an attempt to avoid this basic principle, CureIS argues that its prior disclosures of customer names "have no bearing on the confidentiality of the information sealed in CureIS's [C]omplaint" because such disclosures were authorized by CureIS's customers, whereas "CureIS's more recent relationships and proposals" referenced in the Complaint "are governed by nondisclosure agreements".  (Opp. 9.)  But CureIS does not—because it cannot—explain how its customers' authorization of the prior disclosures impacts the sealing analysis here.  Whether the prior disclosures were expressly approved by the customers or not, the fact remains that CureIS publicly disclosed the names of its customers for years to "joint[ly] market[]" its products (*id.* 3) and solicit more business.  (*See* Moskowitz Decl. Exs. A-J.)  Having chosen to publicly disclose information about its customers when it saw fit to advertise its own products and services, CureIS cannot now shield that information from the public when using those same customers to form the basis of its claims against Epic.  *See, e.g., FibroGen, Inc. v. Hangzhou Andao Pharm. Ltd.*, No. 3:22-cv-07148-AMO, 2023 WL 6237986,

-5-

Defendant's Reply in Support of
Motion to Partially Unseal CureIS's Complaint          Case No. 3:25-cv-04108-MMC

at *3 (N.D. Cal. Sept. 22, 2023) (rejecting attempt to seal information that had been in public domain through alternative source since 2018).

Moreover, even if new nondisclosure agreements were relevant (they are not), CureIS did not even attach any of these nondisclosure agreements as exhibits or explain in any detail the nature and scope of those agreements.[4] (*See* Sawotin Decl. ¶ 3; Second Sawotin Decl. ¶ 9.) That is woefully insufficient. "The existence of a confidentiality provision, without more, does not constitute good cause, let alone a compelling reason, to seal." *Louisiana Pac. Corp. v. Money Mkt. 1 Inst. Inv. Dealer*, No. 09-cv-03529 JSW (NC), 2013 WL 636028, at *1 (N.D. Cal. Feb. 20, 2013) (quotations omitted). CureIS's vague and conclusory assertions of confidentiality obligations do not meet the compelling reasons test for sealing. *See Amtrust Int'l Underwriters DAC v. 180 Life Sci. Corp.*, No. 22-cv-03844-BLF, 2025 WL 71987, at *2 (N.D. Cal. Jan. 9, 2025) (finding bare assertions that materials "are subject to certain 'confidentiality obligations,' without any explanation regarding the nature and scope of those obligations, [were] insufficient to establish compelling reasons for sealing"); *Kyocera Wireless Corp. v. SPH Am., LLC*, No. 09-cv-0299 DMS(RBB), 2009 WL 10672086, at *1 (S.D. Cal. Apr. 3, 2009) (finding assertions that information at issue in sealing motion was protected from disclosure by a confidentiality and nondisclosure agreement did "not meet the 'compelling reasons' test for sealing judicial records").

---

[4] As a consequence, even assuming that there is an agreement for each customer named in the Complaint, it is unclear whether there is a confidentiality provision in each of those agreements or what its scope might be, including whether any provision specifically prohibits CureIS from disclosing the fact that an entity is its customer as opposed to from disclosing the existence of specific contractual terms. Moreover, it is plausible that a confidentiality provision may state that CureIS is able to disclose information that has already been made public (such as the existence of a customer relationship) or recognize that certain information can be disclosed once the contractual relationship is terminated (which would be relevant information to know for at least ▇▇▇▇▇▇▇▇▇▇▇▇▇, and ▇▇▇▇, who purportedly have terminated their agreements according to the Complaint). (Compl. ¶¶ 44, 55, 111.) Any such confidentiality provision may also contain language to the effect that if disclosure is required by court order, the provision is no longer applicable. The Court should not have to guess at any of this; it was CureIS's burden to establish what these contracts show, which it failed to do.

-6-

Defendant's Reply in Support of
Motion to Partially Unseal CureIS's Complaint                    Case No. 3:25-cv-04108-MMC

1  *Second*, CureIS incorrectly asserts that "none of Epic's Exhibits reveal any of the
2  information CureIS has redacted in its [C]omplaint". (Opp. 10.) This assertion is confusing at
3  best. CureIS seeks to redact customer names. Many of those exact names are shown in Epic's
4  Exhibits to have been publicly disclosed by CureIS as CureIS customers. (*See* Moskowitz Decl.
5  Exs. A-J.) Not only were their names disclosed, Epic's Exhibits show that when CureIS publicly
6  disclosed those customer relationships, CureIS also described the specific CureIS products those
7  customers used, including some products at issue in the Complaint. (*Compare* Moskowitz Decl.
8  Exs. A at 2, E at 2 (describing ▮▮▮ use of EnrollmentCURE) *with* Compl. ¶ 52 (asserting
9  ▮▮▮ decision to discontinue its use of EnrollmentCURE was "induced by Epic's false
10 promise"); *compare* Moskowitz Decl. Ex. J at Slide 5 (describing ▮▮▮ use of
11 RecoveryCURE) *with* Compl. ¶¶ 73-74 (describing Epic's purported misstatements related to
12 ▮▮▮ use of RecoveryCURE, as well as refusal to provide data).)
13      CureIS attempts to characterize its redactions as relating to "subscription license
14 agreements, the names of customers' employees, or their sensitive internal discussions and
15 negotiations". (Opp. 10.) As to the names of customer employees, CureIS disregards Epic's
16 express representation that it is not seeking the unsealing of customer employee names or
17 employee contact information. (*See* Mot. 4 n.3 ("Epic does not contest sealing of the names and
18 email addresses of non-party employees identified in the Complaint."); *see also* Dkt. No. 27 at 2
19 n.2; Dkt No. 34 at 1 n.1; Dkt No. 41 at 1 n.1.) As to license agreements and "sensitive internal
20 discussions and negotiations", CureIS completely mischaracterizes the redactions it has made.
21 (Opp. 10.) CureIS did not redact and has not sought to seal any allegations regarding the
22 substance of any subscription license agreement or any statements made by its customers during
23 negotiations. (*See, e.g.*, Compl. ¶¶ 48, 61, 63-64, 87-88, 102-104.) The only information that
24 CureIS redacted in the Complaint that could even possibly be argued to fall in this category (but
25 it does not) is a one-sentence excerpt from a proposal CureIS sent to a prospective customer that
26 merely reflects a generic statement of confidentiality. (*Id.* ¶ 89.) That is not specific and not
27 sensitive and is not properly sealable. (*See* Mot. 11 n.6.)
28

-7-

Defendant's Reply in Support of
Motion to Partially Unseal CureIS's Complaint                    Case No. 3:25-cv-04108-MMC

B.  **CureIS's Generalized Assertions Supporting Sealing Are Inadequate.**

Even if CureIS had not previously disclosed many of its customers' names, CureIS would still fail to satisfy the "compelling reasons" standard for the customer-identifying information. (*See* Mot. 8-12 (explaining that CureIS's generic allegations of confidentiality and competitive harm are insufficient as they fail to explain *with particularity* why sealing is warranted).) None of CureIS's arguments to the contrary has merit.[5]

*First*, rather than articulate with particularity why sealing is warranted here, CureIS cites cases for the proposition that "[c]ourts have found customer names, competitive strategy, or sales positioning satisfy the 'compelling reasons' standard". (Opp. 8.) As an initial matter, CureIS does not identify any "competitive strategy" or "sales positioning" that would be revealed by disclosing the customer names in the Complaint. With respect to customer names, the cases CureIS cites (Opp. 8) are inapposite. In *BBK Tobacco & Foods LLP v. Skunk Inc.*, No. CV-18-02332-PHX-JAT, 2020 WL 6940811, at *3 (D. Ariz. Nov. 25, 2020), the sealing request that CureIS cites was *not opposed*,[6] and the customer names appeared in discovery materials that were included as exhibits to a summary judgment motion. Here, by contrast, the customer names are the crux of the allegations of the Complaint. CureIS's reliance on *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-cv-04810-HSG, 2020 WL 2838812, at *2 (N.D. Cal. June 1, 2020), is similarly misplaced. There, the sealing request related to a compiled list of the defendant's customers.[7] *Id.* Here, by contrast, CureIS's entire customer roster is not at issue, only those

---

[5] Notably, CureIS fails to address *Stemmelin v. Matterport, Inc.*, No. C 20-04168 WHA, 2022 WL 1422567, at *1 (N.D. Cal. May 5, 2022), and other cases Epic cited in its Motion to Unseal holding that vague, boilerplate language of the sort CureIS employs is insufficient to establish compelling reasons. (*See, e.g.*, Mot. 8 (citing *Fairbairn v. Fidelity Invs. Charitable Gift Fund*, No. 18-cv-04881-JSC, 2020 WL 6788864, at *1 (N.D. Cal. Mar. 2, 2020)).)

[6] *See* Defendant's Statement of Non-Opposition to Plaintiff's Motion for Order Permitting Filing Under Seal of Defendants' Motion for Partial Summary Judgment and Certain Exhibits Thereto, *BBK Tobacco & Foods LLP*, No. CV-18-02332-PHX-JAT (D. Ariz. Oct. 2, 2020), Dkt. No. 357.

[7] *See* Declaration of Patrick Lupinetti in Support of Exeltis USA, Inc.'s Motion to File Under Seal, *Exeltis USA Inc.*, No. 17-cv-04810-HSG (N.D. Cal. June 21, 2019), Dkt. No. 167-2

-8-

seven customers identified in the Complaint by name (some of which are former customers and former prospective customers). Those cases do not save CureIS's failure to establish with particularity the basis for sealing the particular customer names at issue here under the compelling reasons standard. (Mot. 8 (citing *Fairbairn*, 2020 WL 6788864, at *1 (collecting cases for proposition that "conclusory statements that the materials discussed therein are confidential and nonpublic, does not demonstrate that they are properly sealable")).)

*Second*, CureIS has failed to establish any likelihood of harm with particularity. (Mot. 9 (citing *Open Text S.A. v. Box, Inc.*, No. 13-cv-04910-JD, 2014 WL 7368594, at *3 (N.D. Cal. Dec. 26, 2014)).)[8] CureIS asserts that disclosing the identity of the customers named in the Complaint could cause it to suffer "further interference, disruption of customer relationships, and customer poaching". (Opp. 9.) Once again, CureIS does not support its assertion. As an initial matter, this assertion is undermined by the fact that CureIS itself publicly advertised many of its customers apparently without any such harm.[9] Indeed, CureIS concedes that as to its prior public disclosures of customer names, such disclosures "pose no competitive threat today."

---

at ¶ 4 (stating that while individual customers had "been publicly identified from time to time", public disclosure of defendant's list of customers would put it at a "competitive disadvantage").

[8] CureIS tries to distinguish *Open Text* by arguing that the materials sought to be sealed there were broader and less well-supported than its proposed redactions here. (Opp. 8 n.3.) But the Sawotin Declaration makes the same type of unsupported claims that the court in *Open Text* rejected. *Compare* Sawotin Decl. ¶ 3 (asserting that public disclosure of the information sought to be sealed "would likely harm CureIS's competitive standing if publicly disclosed")) *with Open Text*, 2014 WL 7368594, at *3 (rejecting unsupported assertion of unfair advantage where party did not explain "how a competitor would use th[e] information to obtain an unfair advantage"). CureIS attempts to cure these earlier deficiencies in the Second Sawotin Declaration by restating unproven allegations from its Complaint, but these unsupported statements about purported past conduct by Epic say nothing about future harm. (Second Sawotin Decl. ¶¶ 11-12.)

[9] Although CureIS tries to frame Epic's argument about CureIS's prior disclosure as imposing a requirement on CureIS that it "must show" a prior disclosure caused it competitive harm (Opp. 9), Epic's point is simply that CureIS's present assertions that it will suffer competitive harm if customer names are disclosed is inconsistent with and undermined by the fact that the same information was disclosed previously without CureIS claiming to have suffered any past harm (Mot. 9). *See Buhl v. Abbott Labs.*, No. 17-cv-04244-NC, 2019 WL 13248007, at *2 (N.D. Cal. Feb. 19, 2019) (finding plaintiff's failure to detail competitive harm it experienced as a result of prior public disclosure supporting finding of no compelling reasons).

-9-

(Opp. 9.)  But if CureIS is correct that the years-long disclosure of its customer names "pose no competitive threat", then there are no compelling reasons to maintain those customer names under seal.

Moreover, the only supposed support for CureIS's assertion of future interference is Epic's alleged prior interference as alleged in the Complaint.  (Opp. 8-9.)  But CureIS does not explain how this alleged past conduct demonstrates a risk that *other competitors* will misuse the customer names in the Complaint.  *See Simpson Strong-Tie Co. Inc. v. MiTek Inc.*, No. 20-cv-06957-VKD, 2023 WL 9187547, at *2-3 (N.D. Cal. Dec. 15, 2023) (recognizing that "[s]peculative or implausible claims of harm will not suffice" and rejecting sealing where motion and declaration did "not contain specific facts explaining how disclosure of this high-level information would harm the company if released publicly").  The customer names that CureIS seeks to seal are customers that CureIS claims it either already lost or is anticipated to lose in the near future.  (*See, e.g.*, Compl. ¶¶ 41, 46, 50-51, 55-57, 65, 68, 107, 109, 111, 118 (allegations concerning customers named in the Complaint who either terminated or are anticipated to terminate their contractual relationships with CureIS, or declined to contract with CureIS).)  CureIS simply does not explain how disclosure of the names of its lost customers could lead to any future harm.[10]  Because CureIS has not established any likelihood that it would suffer competitive harm, it has not demonstrated compelling reasons for sealing the customer identifying information at issue.  (*See* Mot. 8-12.)

### III.   The Public Interest Supports Unsealing CureIS's Complaint.

CureIS cannot overcome the "strong presumption in favor of access to court records".  *In re Google Location History Litigation*, 514 F. Supp. 3d at 1161.  The public's legitimate interest

---

[10] Based on the allegations in the Complaint, ███████████████ and ██████ have either terminated their contracts with CureIS or are anticipated to terminate their contracts with CureIS imminently. (Compl. ¶¶ 44, 46, 51, 55, 108-111.)  As to the two other non-parties identified in the Complaint—████████ and ██████████—CureIS alleges only that they were "prospective" customers which ultimately refused to contract with CureIS. (*Id.* ¶¶ 47-50, 66-68.)

1  in understanding the judicial process will be frustrated if the customer names at the heart of the
2  dispute are kept secret.  (Mot. 12-13.)
3         Contrary to CureIS's assertion, the redacted Complaint does not disclose "the full
4  substance of CureIS's allegations" (Opp. 10) because it redacts the names of customers
5  purportedly at the heart of Epic's alleged unlawful conduct.  Without an understanding of who
6  the customers are that are identified in the Complaint, it is impossible for the public, including
7  CureIS's and Epic's mutual customers, to assess the veracity of CureIS's allegations.[11]
8  Accordingly, the public interest would be best served by unredacting the customer names in the
9  Complaint.  *See Dioquino v. United of Omaha Life Ins. Co.*, No. 20-cv-0167-BAS-RAB, 2021
10 WL 873286, at *2 (S.D. Cal. Mar. 9, 2021) (finding party's interest "d[id] not outweigh the
11 public interest" where party seeking sealing placed information at issue by initiating litigation).
12        In addition, CureIS's argument that there is no presumption of public access here is
13 wrong.  CureIS's reliance on *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d
14 1206, 1213 (9th Cir. 2002) (Opp. 11), is misplaced.  There, the Ninth Circuit merely held that the
15 presumption of public access did not apply where "a party attaches a sealed discovery document
16 to a nondispositive motion".  *Phillips*, 307 F.3d at 1213.  That has no bearing on the present
17 motion.  Furthermore, the Ninth Circuit continues to recognize the "strong presumption in favor
18 of access to court records" when considering motions to unseal.  *See Foltz v. State Farm Mut.*
19 *Auto Ins. Co.*, 331 F.3d 1122, 1134-35 (9th Cir. 2003).

---

[11] CureIS argues that its decision to file a lawsuit is not a "smear campaign", but this point misunderstands Epic's argument.  (Opp. 10.)  Epic's position is that CureIS's out-of-court statements about this litigation, which include touting its counsel as "Big-Bully nemesis, Quinn Emanuel", listing other litigation filed against Epic, describing Epic as "strong-arm[ing] customers to abandon CureIS solutions in favor of subpar or nonexistent Epic alternatives", and linking to news articles covering this litigation, is an improper attempt to impact public opinion as to the merits of its case. (Moskowitz Decl. Ex. K at 1-2, 6.)  Such attempts to smear Epic and influence public opinion are particularly inappropriate when CureIS refuses to reveal the customers at issue in this litigation, which would better allow customers and the public to evaluate the merits of CureIS's case, as well as its incendiary public statements about this action. (Mot. 12-13.)

-11-

Defendant's Reply in Support of
Motion to Partially Unseal CureIS's Complaint        Case No. 3:25-cv-04108-MMC

CureIS also incorrectly asserts that "[o]nce information meets the 'compelling reasons' standard . . . there is no need for a further assessment of whether the sealed information is tangential (or central) to the claims". (Opp. 11 n.6.) To the contrary, courts regularly assess whether sealed information is important to the public's understanding of the action even *after* finding that the compelling reasons or good cause standard applies. *See, e.g.*, *Tevra Brands LLC v. Bayer HealthCare LLC*, No. 19-cv-04312-BLF, 2020 WL 1245352, at *2 (N.D. Cal. Mar. 16, 2020) (applying "compelling reasons" standard and then holding that the amended complaint was "essential to the public's understanding of the suit" and "[w]here, as here, the material to be sealed goes to the very heart of the suit, the public interest is especially great"); *CreAgri, Inc. v. Panniclife Inc.*, No. 5:11-CV-06635-LHK, 2014 WL 27028, at *1-2 (N.D. Cal. Jan. 2, 2014) (denying request to seal information that was "critical to understanding the Motion to Disqualify").[12]

CureIS's final argument regarding public interest relies on pure speculation that "Epic *may* want to name CureIS's customers in public to apply more pressure on CureIS's customers or discredit CureIS". (Opp. 12 (emphasis added).) CureIS cites no factual support for this bald assertion, nor does CureIS explain how public disclosure of customer names would "discredit CureIS"—unless this is a tacit admission that revealing the customer names in the Complaint could expose CureIS's allegations as false. To be clear, Epic seeks disclosure of the customer names identified in the Complaint because disclosure will allow the public to appropriately evaluate the accusations made against Epic. *See Weiss v. Sovereign Nation of Afghanistan*, No. 23-cv-02827-HSG, 2023 WL 8530506, at *2 (N.D. Cal. Nov. 21, 2023) (denying motion to file exhibit to complaint under seal where "[t]he interest in ensuring the public's understanding of the judicial process . . . would be impaired if the fundamental basis for [p]laintiffs' claims is

---

[12] CureIS seeks to distinguish *CreAgri* factually as related to information openly discussed in court and for which the movant did not explain why sealing was necessary. (Opp. 4 n.2.) The facts of *CreAgri* parallel those here because CureIS publicly disclosed the customer names at issue and has failed to explain why "compelling reasons" justify sealing such information.

-12-

Defendant's Reply in Support of
Motion to Partially Unseal CureIS's Complaint                             Case No. 3:25-cv-04108-MMC

redacted from the complaint").[13]  Because CureIS has not identified any countervailing interest that overcomes the public's right to access its Complaint, the customer identifying information in the Complaint should be unsealed.

## CONCLUSION

For the foregoing reasons, Epic respectfully requests that the Court unseal the redacted portions of CureIS's Complaint containing customer names and identifying information.

Dated:  July 25, 2025

Respectfully submitted,

By:  /s/ Lauren A. Moskowitz

**CRAVATH, SWAINE & MOORE LLP**

Lauren A. Moskowitz (*pro hac vice*)
lmoskowitz@cravath.com
Lauren M. Rosenberg (*pro hac vice*)
lrosenberg@cravath.com
375 Ninth Avenue
New York, New York 10001
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700

**AKIN GUMP STRAUSS HAUER & FELD LLP**

Robert Salcido (SBN 139138)
rsalcido@akingump.com
4 Park Plaza, Suite 1900
Irvine, California 92614
Telephone:  (949) 885-4100
Facsimile:  (949) 885-4101

*Attorneys for Defendant Epic Systems Corporation*

---

[13] CureIS's colorful attempts to distinguish *Weiss* boil down to a straightforward argument that *Weiss* arises under different factual circumstances than those alleged here.  (Opp. 12-13 n.8.)  But the import of *Weiss* remains its conclusion that where, as here, the information sought to be sealed "is the entire foundation of [p]laintiff's case", the public interest would be impaired if such information is redacted.  2023 WL 8530506, at *2.