Lauren A. Moskowitz (*pro hac vice*)
lmoskowitz@cravath.com
Lauren M. Rosenberg (*pro hac vice*)
lrosenberg@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
375 Ninth Avenue
New York, New York 10001
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700

Robert Salcido (SBN 139138)
rsalcido@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
4 Park Plaza, Suite 1900
Irvine, CA 92614
Telephone:  (949) 885-4100
Facsimile:  (949) 885-4101

*Attorneys for Defendant Epic Systems Corporation*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CureIS Healthcare, Inc.,<br><br>                             Plaintiff,<br><br>        v.<br><br>Epic Systems Corporation,<br><br>                             Defendant. | Case No.: 3:25-cv-04108-MMC<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S SEALING STATEMENT IN RESPONSE TO DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Judge:  Hon. Maxine M. Chesney |

|   |   |
|---|---|
| 1 | Pursuant to Civil Local Rule 79-5(f)(4), Defendant Epic Systems Corporation ("Epic") files this Response to Plaintiff CureIS Healthcare, Inc.'s ("CureIS") Sealing Statement In Response to Defendant's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. No. 48 ("CureIS Sealing Statement")). |

CureIS's Sealing Statement is predicated on the same arguments set forth in its Administrative Motion for Leave to File Under Seal Portions of Plaintiff's Complaint. (*See* Dkt. No. 2 ("First Administrative Motion").) Accordingly, Epic incorporates by reference the arguments made in its Notice of Motion and Motion to Partially Unseal CureIS's Complaint. (*See* Dkt. No. 25 ("Motion to Unseal").) Specifically, the customer-identifying information[1] described in CureIS's Sealing Statement should not be redacted as CureIS has failed to establish compelling reasons supporting redaction, including because (i) CureIS itself affirmatively publicly disclosed the existence of customer relationships for many years on its own website and elsewhere to market its products and services (*id.* at 7-8), and (ii) CureIS has not advanced particularized reasons supported by facts sufficient to meet its burden to justify sealing (*id.* at 8-12). In addition, there is a strong public interest in this matter that would be best served by disclosing the names of the customers at the center of CureIS's allegations so that the public can assess the veracity of each party's allegations and arguments (*id.* at 12-13).

CureIS's Sealing Statement should be rejected, and the customer-identifying information presently redacted in Epic's Reply in Support of its Motion to Partially Unseal CureIS's Complaint (Dkt. No. 46) should be unsealed.

---

[1] As explained in Epic's Motion to Unseal, Epic does not contest sealing of the names of non-party employees. (Motion to Unseal at 4 n.3.)

Dated: August 7, 2025                    Respectfully submitted,

By:   /s/ Lauren A. Moskowitz

**CRAVATH, SWAINE & MOORE LLP**

Lauren A. Moskowitz (*pro hac vice*)
lmoskowitz@cravath.com
Lauren M. Rosenberg (*pro hac vice*)
lrosenberg@cravath.com
375 Ninth Avenue
New York, New York 10001
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

**AKIN GUMP STRAUSS HAUER & FELD LLP**

Robert Salcido (SBN 139138)
rsalcido@akingump.com
4 Park Plaza, Suite 1900
Irvine, California 92614
Telephone: (949) 885-4100
Facsimile: (949) 885-4101

*Attorneys for Defendant Epic Systems Corporation*