IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUREIS HEALTHCARE, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EPIC SYSTEMS CORPORATION,<br><br>　　　　Defendant. | Case No. 25-cv-04108-MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO PARTIALLY UNSEAL COMPLAINT** |

　　Before the Court is defendant Epic System Corporation's ("Epic") Motion, filed June 30, 2025, "to Partially Unseal CureIS Healthcare, Inc.'s Complaint."  Plaintiff CureIS Healthcare, Inc. ("CureIS") has filed opposition, to which Epic has replied.  Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

　　By order filed May 13, 2025 ("May 13 Order"), Magistrate Judge Sallie Kim, to whom the instant action was then assigned, granted CureIS's motion to seal portions of its Complaint, specifically, the names of customers and prospective customers, the names of employees of customers and prospective customers, physical and/or email addresses of employees of customers, and one reference to a term in a contract between CureIS and another entity.

　　By the instant motion, Epic seeks an order partially unsealing some of the material sealed by the May 13 Order, specifically, the names of customers and prospective

---

[1] By order filed August 4, 2025, the Court took the matter under submission.

customers and the one reference to a contractual term.[2]

At the outset, CureIS argues that the motion should be denied on the procedural ground that Epic has not, pursuant to Civil Local Rule 7-9, first sought and obtained leave to file a motion for reconsideration. See Civil. L.R. 7-9(a) (providing party may not file motion for reconsideration of interlocutory order unless party first obtains leave to do so). Epic, however, seeks relief under Civil Local Rule 79-5, which provides for reconsideration of sealing orders without requiring a motion for leave. See Civil L.R. 79-5(g)(3) (providing "[p]arties or non-parties may, at any time, file a motion requesting that the Court unseal a document") (emphasis added). As Epic's motion is, as a procedural matter, proper, the Court next considers the requests made therein.

With respect to the one sealed reference to the contractual term (see Compl. ¶ 89, lines 14 and 15), the Court finds unsealing is appropriate, as that same term is fully disclosed in the version of the Complaint filed in the public record (see Compl. ¶¶ 48, 86, 87).

Next, with respect to the names of customers and prospective customers, the Court agrees with CureIS that such material is appropriately filed under seal, as competitors potentially could use the information to gain a competitive advantage. Accordingly, with limited exceptions as set forth below, the Court does not find it appropriate to unseal the names of CureIS's customers and prospective customers.

With respect to three customers whose names have been sealed, Epic has submitted evidence that CureIS has publicly identified those entities as its customers, in particular, the disclosure of two of those customers on CureIS's website for at least eight years (see Moskowitz Exs. A-H), and the disclosure of the third customer on a website known as prezi.com for over ten years (see id. Ex. J). CureIS does not dispute such showing (see Sawotin Decl. ¶¶ 3, 7), but, rather, states those public disclosures are no

---

[2] At the time the May 13 Order was issued, Epic had not yet appeared.

longer included on its website or the prezi.com website (see id. ¶¶ 4, 7).[3]  Nevertheless, given that the three entities' status as customers of CureIS has not only been made public, but remained public for a significant period of time, the Court finds unsealing is appropriate.  See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1184 (9th Cir. 2006) (affirming unsealing of documents containing "names or references" that were "already publicly available"); see also, e.g., In re Twitter Inc. Sec. Litig., 2020 WL 2519888, at *2 (N.D. Cal. May 18, 2020) (denying motion to seal information "already in the public domain") (collecting cases).[4]

Accordingly, the motion to partially unseal the Complaint is hereby GRANTED in part and DENIED in part, as follows:

1. The portion of the sealed sentence in ¶ 89 of the Complaint, as well as the Complaint's references to Advocate Physician Partners, Sharp HealthCare, and Sutter Health, are hereby ordered UNSEALED, and CureIS is DIRECTED to file, within seven days of the date of this Order, a revised redacted version of the Complaint in accordance herewith.

2  In all other respects, the motion is DENIED.

**IT IS SO ORDERED.**

Dated: August 8, 2025

                                                MAXINE M. CHESNEY
                                                United States District Judge

---

[3] The date on which the customer names were removed from CureIS's website has not been provided by CureIS, but it necessarily was after October 11, 2022, the date of the last screenshot provided by Epic.  (See Moskowitz Decl. ¶ 3, Ex. A).  According to CureIS, the customer name on the prezi.com website, which a screenshot submitted by Epic shows remained as of June 30, 2025 (see id. ¶ 12, Ex. J), "has since been removed" (see Sawotin Decl. ¶ 7).

[4] CureIS asserts that the subject customers, although having "expressly authorized the use of their name" in "product information CureIS publicly advertises," have not consented to disclosure of "confidential information [CureIS] shares with [them]."  (See Pl.'s Opp. at 2:7-9.)  The Complaint, however, does not contain "confidential information" CureIS shared with them, and, consequently, the Court has no occasion to consider whether such information should be placed under seal.