IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUREIS HEALTHCARE, INC., <br>     Plaintiff, <br>   v. <br> EPIC SYSTEMS CORPORATION, <br>     Defendant. | Case No. 25-cv-04108-MMC <br><br> **ORDER RE: ADMINISTRATIVE MOTIONS TO SEAL; DIRECTIONS TO PARTIES** <br><br> (Doc. Nos. 23, 26, 29, 36, 38, 43, 47) |

Before the Court are seven administrative motions to seal: (1) Epic Systems Corporation's ("Epic") "Administrative Motion to Consider Whether Another Party's Material Should Be Sealed" (Doc. No. 23), filed June 17, 2025; (2) Epic's "Second Administrative Motion to Consider Whether Another Party's Material Should Be Sealed" (Doc. No. 26), filed June 30, 2025; (3) CureIS Healthcare, Inc.'s ("CureIS") "Administrative Motion for Leave to File Under Seal Portions of Plaintiff's Opposition to Defendant's Motion to Transfer Venue" (Doc. No. 29), filed July 1, 2025; (4) Epic's "Third Administrative Motion to Consider Whether Another Party's Material Should Be Sealed" (Doc. No. 36), filed July 10, 2025; (5) CureIS's "Administrative Motion for Leave to File Partially Under Seal Portions of Plaintiff's First Amended Complaint" (Doc. No. 38), filed July 14, 2025; (6) CureIS's "Administrative Motion for Leave to File Partially Under Seal Portions of Plaintiff's Opposition to Epic's Motion to Unseal" (Doc. No. 43), filed July 18, 2025; and (7) Epic's "Administrative Motion to Consider Whether Another Party's Material Should Be Sealed" (Doc. No. 47), filed July 25, 2025.

Having read and considered the administrative motions and responses thereto, the Court, for the reasons stated in the Court's Order of August 8, 2025 ("August 8 Order"),

1  as well as Magistrate Judge Sallie Kim's Order of May 13, 2025, to the extent it was not
2  reconsidered in the August 8 Order, rules as follows.
3      1. Epic's "Administrative Motion to Consider Whether Another Party's Material
4  Should Be Sealed" (Doc. No. 23) is hereby GRANTED in part and DENIED in part, as
5  follows.
6          a. As to the Motion to Transfer Venue, the administrative motion is
7  GRANTED, with the exception of the following, as to which the administrative motion is
8  DENIED:  (1) on page 5, the material in lines 6 and 8, as well as the last word in line 7;
9  (2) on page 6, the material in lines 21 and 27-28, as well as the seventh, eighth, ninth,
10 tenth, and twelfth words in line 25; (3) on page 7, the third, eighth, ninth, eleventh, and
11 twelfth words in line 1; (4) on page 13, the material in lines 25-27 and the fourteenth word
12 in  line 28; (5) on page 14, the material in lines 4-6 and 8, as well as the third, fourth,
13 sixth, and seventh words in line 12;  and (6) on page 15, the material in line 6.
14         b. As to the "Declaration of Lauren A. Moskowitz in Support of Defendant
15 Epic Systems Corporation's Motion to Transfer Venue" ("First Moskowitz Declaration")
16 and Exhibits D-E attached thereto, the administrative motion is DENIED.
17         c. As to the "Declaration of Jennifer Peterson in Support of Defendant Epic
18 Systems Corporation's Motion to Transfer Venue" ("Peterson Declaration"), the
19 administrative motion is GRANTED, with the exception of the material in ¶¶ 15 and 19-
20 21, as to which the administrative motion is DENIED.
21         d.  No later than seven days from the date of this Order, Epic is DIRECTED
22 to file in the public record, a revised redacted version of the Motion to Transfer, the
23 unredacted version of the First Moskowitz Declaration and Exhibits D-E attached thereto,
24 as well as a revised redacted version of the Peterson Declaration.
25     2. Epic's "Second Administrative Motion to Consider Whether Another Party's
26 Material Should Be Sealed" (Doc. No. 26) is hereby GRANTED in part and DENIED in
27 part, as follows.
28         a. As to Epic's "Motion to Partially Unseal CureIS Healthcare, Inc.'s

United States District Court
Northern District of California

Complaint" ("Motion to Partially Unseal"), the administrative motion is GRANTED, with the exception of the material on pages 2, 3, and 7, as to which the administrative motion is DENIED.

   b. As to the Declaration of Lauren A. Moskowitz in Support of Defendant's Notice of Motion and Motion to Partially Unseal ("Second Moskowitz Declaration"), as well as Exhibits A-J attached thereto, the motion is DENIED.

   c. No later than seven days from the date of this Order, Epic is DIRECTED to file in the public record (1) a revised redacted version of its Motion to Partially Unseal and (2) the unredacted version of the Second Moskowitz Declaration and Exhibits A-J attached thereto.

  3. CureIS's "Administrative Motion for Leave to File Under Seal Portions of Plaintiff's Opposition to Defendant's Motion to Transfer Venue" (Doc. No. 29) is hereby GRANTED in part and DENIED in part, as follows.

   a. As to CureIS's "Opposition to Defendant Epic Systems Corporation's Motion to Transfer Venue" ("Opposition to Motion to Transfer Venue"), the administrative motion is GRANTED, with the exception of the following, as to which the administrative motion is DENIED:  (1) on page 3, the material in lines 9-10, 12, and 14, as well as the fifth and sixth words in line 15; (2) on page 5, the fourth, fifth, and ninth words in line 13.5, the ninth, tenth, fourteenth, and fifteenth words in line 14.5, the material in line 15.5, the first word in line 16.5, the eighth word in line 18.5, and the fourth word in line 20.5; (3) on page 6, the material in line 4; and (4) on page 13, the last word in line 17 and the material in line 20.

   b. As to the "Declaration of Paulina Slagter in Support of Plaintiff CureIS's Opposition to Defendant Epic Systems Corporation's Motion to Transfer Venue" ("Slagter Declaration"), the administrative motion is GRANTED, with the exception of the following, as to which the administrative motion is DENIED: (1) the material in ¶¶ 3 and 11; and (2) Exhibits 1 and 9.

   c. As to the "Declaration of Christopher Sawotin in Support of Plaintiff

3

1 CureIS's Opposition to Defendant Epic Systems Corporation's Motion to Transfer Venue,"
2 the administrative motion is GRANTED, with the exception of the following, as to which
3 the administrative motion is DENIED: (1) in ¶ 10, the material in lines 17 and 18, as well
4 as the second, seventh, and eighth words in line 19; (2) in ¶ 11, the material in lines 24
5 and 25, as well as the third and fourth words in line 26; and (3) in ¶ 12, the material in
6 lines 1 and 2, as well as the sixth word in line 3 and the seventh word in line 7.

      d.  No later than seven days from the date of the Order, CureIS is DIRECTED to file in the public record revised redacted versions of the Opposition to Motion to Transfer Venue, the Slagter Declaration, and the First Sawotin Declaration.

   4. Epic's "Third Administrative Motion to Consider Whether Another Party's Material Should Be Sealed" (Doc. No. 36) is hereby GRANTED, with the exception of the following material in the "Reply in Support of Motion to Transfer Venue," as to which the administrative motion is DENIED: (a) on page 4, the material in line 12, the second, fourth, fifth, seventh, and eighth words in line 15, and the material in line 19; (b) on page 8, the material in line 19, and the last word in line 20; and (c) on page 9, the material in line 2, the twelfth word in line 4, the third word in line 19, the third, fourth, sixth, seventh, twelfth, thirteenth, and fifteenth words in line 20, and the material in line 21.

   No later than seven days from the date of this Order, Epic is DIRECTED to file in the public record a revised redacted version of the Reply in Support of Motion to Transfer Venue.

   5. CureIS's "Administrative Motion for Leave to File Partially Under Seal Portions of Plaintiff's [FAC]" (Doc. No. 38) is hereby GRANTED, with the exception of the following material in the FAC, as to which the administrative motion is DENIED: (a) the material in ¶¶ 13, 16, 48, 53, 56-62, 64-67, 140-43, 145-48, 150, and 153; (b) in ¶ 52, the second, third, and fourth words on page 10, line 1; (c) on page 20, line 4; (d) in ¶ 54, the material in lines 11-13 and 15; (e) in ¶ 55, the seventh and eighth words in line 18, as well as the material in lines 20 and 21; (f) on page 21, line 12; (g) on page 23, line 1; (h) in ¶ 69, the fifth word in line 10, as well as the material in lines 11 -12, and the name of the entities in

lines 19-20; (i) in ¶ 70, the material in line 23; (j) in ¶ 73, the material in lines 11-13 and 15; (k) in ¶ 90, the material in line 3 except the first word; (l) in ¶ 96, the material in line 17; (m) in ¶ 101, the second word in line 18; (n) in ¶ 156, the fifth and eighth words in line 2, as well as the material in lines 9-10; (o) in ¶ 157, the material in line 12; (p) in ¶ 159, the material in lines 2-3 and 5; (q) in ¶ 160, the first word in line 8; (r) in ¶ 164, the fifth and fifteenth words in line 21.5; (s) in ¶ 165, the material in line 26.5, as well as the first word in line 27.5; and (t) in ¶ 166, the tenth word in line 7.

No later than seven days from the date of this Order, CureIS is DIRECTED to file in the public record a revised redacted version of the FAC.

6. CureIS's "Administrative Motion for Leave to File Partially Under Seal Portions of Plaintiff's Opposition to Epic's Motion to Unseal" (Doc. No. 43) is hereby DENIED.

No later than seven days from the date of this Order, CureIS is DIRECTED to file in the public record the unredacted versions of (a) CureIS's "Opposition to Defendant Epic Systems Corporation's Motion to Partially Unseal" and (b) the "Christopher Sawotin Declaration in Opposition to Defendant Epic Systems Corporation's Motion to Partially Unseal."

7. Epic's "Administrative Motion to Consider Whether Another Party's Material Should Be Sealed" (Doc. No. 47) is hereby GRANTED, with the exception of the following material in the "Reply in Support of Motion Partially Unseal," as to which the administrative motion is DENIED: (a) the third and sixth words on page 6, line 25; (b) the material on page 7; and (c) the material on page 10, line 24.

No later than seven days from the date of this Order, Epic is DIRECTED to file in the public record a revised redacted version of its Reply in Support of Motion to Partially Unseal.

**IT IS SO ORDERED.**

Dated: August 11, 2025

MAXINE M. CHESNEY
United States District Judge