Lauren A. Moskowitz (*pro hac vice*)
lmoskowitz@cravath.com
Lauren M. Rosenberg (*pro hac vice*)
lrosenberg@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
375 Ninth Avenue
New York, New York 10001
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700

Robert Salcido (SBN 139138)
rsalcido@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
4 Park Plaza, Suite 1900
Irvine, CA 92614
Telephone:  (949) 885-4100
Facsimile:  (949) 885-4101

*Attorneys for Defendant Epic Systems Corporation*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CureIS Healthcare, Inc.,<br><br>                    Plaintiff,<br><br>        v.<br><br>Epic Systems Corporation,<br><br>                    Defendant. | Case No.: 3:25-cv-04108-MMC<br><br>**DEFENDANT EPIC SYSTEMS CORPORATION'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE MOTION IN EXCESS OF PAGE LIMITS**<br><br>Judge:  Hon. Maxine M. Chesney |

Pursuant to Civil Local Rule 7-11, Defendant Epic Systems Corporation ("Epic") respectfully seeks leave to file a motion to dismiss in excess of the 25-page limit set forth in Civil Local Rule 7-2(b), which is due to be filed on September 12, 2025 (*see* Dkt. No. 33). Specifically, Epic requests leave to file an opening brief not to exceed 35 pages. CureIS Healthcare, Inc. ("CureIS") opposes Epic's request. (*See* Declaration of Lauren A. Moskowitz ¶ 5.)

Epic respectfully submits that the requested page limit extension is warranted under the circumstances of this case. The First Amended Complaint (Dkt. No. 61 (the "Amended Complaint" or "Amended Compl.")) spans 192 paragraphs and asserts nine causes of action. Epic intends to move to dismiss each of these causes of action on numerous grounds. Given not only the number of claims but also the complexities associated with many of these claims, additional pages are necessary to adequately address the bases for dismissal that could dispose of the entire case and avoid the need for expensive and time-consuming discovery.

<u>Sherman Act Sections 1 and 2 claims (Counts 1-3)</u>: CureIS alleges that Epic (1) entered into exclusive dealing arrangements with its customers in two separate purported antitrust markets—the electronic health record ("EHR") software market and the market for Core Administrative Processing Systems ("CAPS") for provider-sponsored health plans ("PSHPs") (the "PSHP CAPS software market")—in violation of Section 1 of the Sherman Act (Amended Compl. ¶¶ 109-119); (2) maintained a monopoly in the alleged PSHP CAPS software market in violation of Section 2 of the Sherman Act (*id.* ¶¶ 120-28); and (3) attempted to monopolize the alleged PSHP CAPS software market in violation of Section 2 of the Sherman Act (*id.* ¶¶ 129-138). For all three claims, CureIS asserts that Epic's alleged conduct had anticompetitive effects in both the alleged PSHP CAPS software market and a separate alleged market CureIS purportedly competes in, the managed care middleware ("MCM") software market (*id.* ¶¶ 114, 123, 133).

Epic intends to move to dismiss each of CureIS's Sherman Act claims on several distinct grounds.

*First*, Epic will argue that each of CureIS's antitrust claims should be dismissed because the Amended Complaint fails to plausibly allege a relevant antitrust product market. This argument alone will contain multiple subparts, as Epic's argument will address the multiple product markets alleged in the Amended Complaint.

*Second*, Epic will argue that CureIS has failed to plead antitrust injury, which requires explaining how CureIS has not established that it competes in the alleged PSHP CAPS market in which competition is allegedly being restrained.

*Third*, Epic will also move to dismiss CureIS's Section 1 claim on the grounds that CureIS has failed to plausibly allege either the existence of an exclusive dealing arrangement or that competition has been substantially foreclosed.

*Fourth*, Epic will also move to dismiss CureIS's Section 2 claims on the ground that CureIS has not adequately pleaded anticompetitive conduct. To do so, Epic must address each category of anticompetitive conduct alleged in the Amended Complaint. (*Id.* ¶¶ 122, 130-31.) Each category itself is analyzed under complex, multi-part standards. For example, CureIS alleges that Epic refused to integrate its software with CureIS's competing products. That conduct must be analyzed under the legal framework that governs how a plaintiff can overcome the absence of a duty to deal.

<u>Tortious interference with contractual relations and prospective business relations (Count 4-5)</u>: CureIS alleges that Epic tortiously interfered with its contractual relationships with three customers (Amended Compl. ¶¶ 140-154) and its prospective business relationships with five customers (*id.* ¶¶ 155-161). In other words, within two counts are eight different alleged torts. Epic intends to move to dismiss as to all eight alleged torts for several distinct reasons. As the elements of tortious interference must be separately alleged with respect to each of the three contracts and five prospective business relationships with which Epic allegedly interfered, Epic's arguments must address the allegations in the Amended Complaint that relate to each in order to show that the elements of tortious interference are not satisfied.

<u>Trade libel claim (Count 6)</u>: CureIS alleges that Epic made at least five actionable statements (Amended Compl. ¶ 164). Thus, here again, within one count is five different alleged

wrongs. And trade libel has six elements that can be attacked on a motion to dismiss, some of which require analysis of each of the at least five alleged statements. For example, Epic's argument that CureIS fails to allege a statement with the requisite particularity requires an analysis as to whether CureIS has plead facts establishing the who, what, where, when, and why for each of the five alleged statements. Likewise, Epic's motion will address whether the challenged statements were false statements of fact that induced a particular customer not to deal with CureIS. Some of Epic's arguments in that regard, in turn, will require discussion of the legals standards for determining when statements are nonactionable expressions of opinion.

Lanham Act and California Bus. & Prof. Code § 17500 claims (Counts 7 and 9): CureIS alleges that Epic made two categories of false and misleading statements in violation of both federal and state false advertising law. (Amended Compl. ¶¶ 170, 186.) Epic will argue that these claims should be dismissed due to CureIS's failure to adequately plead multiple elements. As with trade libel, such arguments necessarily will require assessment of each alleged instance of false advertising.

California Bus. & Prof. Code § 17200 claim (Count 8): CureIS alleges that Epic's conduct violates California's Unfair Competition Law (the "UCL") under each of the three prongs, which prohibit unlawful, unfair, and fraudulent conduct. (Amended Compl. ¶¶ 180-82.) To show that CureIS's claim must be dismissed in its entirety, Epic must separately analyze each of the three prongs to establish that its conduct does not violate the UCL. The analysis required under the unlawful prong here is particularly complex, as CureIS has alleged purported instances of information blocking in alleged violation of the 21st Century Cures Act, 42 U.S.C. § 300jj-52(a)(1) (the "Cures Act") (*id.* ¶ 180), which is part of a complex regulatory scheme that alone requires consideration of numerous elements as to each individual alleged instance of information blocking. For example, to explain how CureIS has not adequately alleged even the baseline requirements of a Cures Act violation—including, for example, that the data allegedly being blocked constitutes electronic health information ("EHI") as defined under the Cures Act—Epic must analyze each of the various ways CureIS describes the at-issue data in the Amended Complaint and explain why none is sufficiently alleged. Epic will also argue that the

1 claim fails for the independent reason that the UCL cannot be applied extraterritorially to Epic's
2 alleged conduct.
3                                              *       *       *
4       CureIS asserts many claims, including many claims within claims across multiple legal
5 theories, many if not all of which have complex bodies of law that Epic will bring to bear on
6 CureIS's failure to state a claim as to each.  To fully present its arguments for why the Amended
7 Complaint should be dismissed in its entirety, Epic requires additional pages to articulate why
8 the scattershot allegations advanced in the Amended Complaint fail to state any claim.  For these
9 reasons, Epic respectfully submits that good cause exists for its requested page limit extension.

Dated:  August 28, 2025                    Respectfully submitted,

By:    /s/ Lauren A. Moskowitz

**CRAVATH, SWAINE & MOORE LLP**

Lauren A. Moskowitz (*pro hac vice*)
lmoskowitz@cravath.com
Lauren M. Rosenberg (*pro hac vice*)
lrosenberg@cravath.com
375 Ninth Avenue
New York, New York 10001
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700

**AKIN GUMP STRAUSS HAUER & FELD LLP**

Robert Salcido (SBN 139138)
rsalcido@akingump.com
4 Park Plaza, Suite 1900
Irvine, California 92614
Telephone:  (949) 885-4100
Facsimile:  (949) 885-4101

*Attorneys for Defendant Epic Systems Corporation*