QUINN EMANUEL URQUHART & SULLIVAN, LLP
Adam Wolfson (Bar No. 262125)
  adamwolfson@quinnemanuel.com
Ryan S. Landes (Bar No. 252642)
  ryanlandes@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:    (213) 443-3000
Facsimile:    (213) 443-3100

Paulina Slagter (Bar No. 318559)
  paulinaslagter@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone:    (650) 801 5000
Facsimile:    (650) 801 5100

*Attorneys for Plaintiff CureIS Healthcare, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CureIS Healthcare, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> Epic Systems Corporation, <br><br> Defendant. | Case No. 3:25-cv-04108-MMC <br><br> **PLAINTIFF CUREIS'S OPPOSITION TO DEFENDANT EPIC'S MOTION FOR EXTENSION OF THE PAGE LIMIT FOR A PLEADING MOTION** <br><br> Judge:        Hon. Maxine M. Chesney <br><br> Trial Date:   None Set |

Plaintiff CureIS Healthcare, Inc. ("CureIS") respectfully submits there is no need to expand the page limits on Defendant Epic System Corporation's ("Epic") upcoming motion to dismiss ("MTD"), and therefore requests that the Court deny Epic's motion.

CureIS filed this action on May 12, 2025 to stop Epic's unlawful scheme to dominate the markets for certain types of critical software that healthcare organizations use to manage and process patient data and insurance claims. Before Epic responded to that pleading, CureIS informed Epic that it intended to file an amended complaint and that its First Amended Complaint would "add one or more claims" and would also "expand on certain allegations already included in the current Complaint." Dkt. 33 at 2-3. In stipulating to a schedule on that First Amended Complaint, Epic explicitly stated that it intended to move to dismiss whatever pleading CureIS submitted, regardless of its contents. *Id.* However, it did not raise page limits at that time and CureIS thereafter filed the First Amended Complaint on July 15, in accordance with the parties' stipulated, so-ordered schedule. Dkt. 40.

Nearly two months after Epic said it would file a MTD, on August 26, Epic requested that CureIS stipulate to Epic filing an oversized MTD and reply, based solely on its intent to "move to dismiss the [FAC] in its entirety." Dkt. 65-1, ¶ 4. CureIS responded that, although it is "always happy to grant reasonable professional courtesies," it believed the Local Rules' page limits are adequate here. *Id.*, ¶ 5. In reply, Epic did not explain why it just now decided to raise this issue for the first time. It also did not elaborate on why the default page limits were insufficient, nor did it ask to meet and confer or provide any authority for its request. Instead, Epic proceeded to file the instant Motion, which still fails to address those points in any detail and largely fails to explain why ten additional pages on a pleading-stage motion is necessary here—particularly for a complaint as detailed as the FAC.

I.  **THE FAC'S LENGTH AND NUMBER OF CLAIMS DOES NOT ESTABLISH GOOD CAUSE**

This Court's Standing Order states that a party may only modify Civil Local Rule 7-2(b)'s 25-page limit "upon a showing of good cause." Standing Order, ¶ 7. CureIS submits that Epic

identifies no such good cause. Instead, Epic merely catalogues the arguments it intends to make, without explaining why it needs 10 additional pages to make those arguments.

Epic bases its request on the fact that CureIS's detailed allegations "span[] 192 paragraphs" and nine claims. Mot. at 1. Epic admits that CureIS supports each of its claims with multiple specific examples of wrongdoing. *See*, *e.g.*, *id.* at 2 ("eight" examples of interferences with CureIS's actual and potential economic relations), *id.* at 3 ("five" libelous statements). Faced with this well-catalogued history, Epic does not challenge the sufficiency of the allegations themselves, but instead states it hopes to convince the Court those extensive allegations do not provide any plausible inferences supporting any of CureIS's claims. *See id.* at 2 (intent to "explain[] how CureIS had not established that it competes in the alleged PSHP CAPS market"); *id.* at 3 (intent to "establish that [Epic's] conduct does not violate the UCL").

Respectfully, if the FAC is so deficient, then 25 pages should be more than enough to explain why, especially for sophisticated defense counsel that already obtained a six-week extension to prepare its motion. Dkt. 40. This District is one of the preeminent trial courts in the nation and routinely adjudicates complex cases addressing the sorts of issues central to this dispute: antitrust claims, false advertising claims, technology and healthcare disputes, and commercial disputes with multiple claims. With this docket, the District established the same page limits for both Rule 12(b)(6) motions to dismiss *and* Rule 56 summary judgment motions—determining each are enough for the vast majority of cases. Epic's counsel knows this. The same counsel and firm represented a different Epic—Epic Games—as an antitrust plaintiff against Apple in this very District and briefed a **15**-page Rule 12 motion to dismiss in connection a nearly 180-paragraph complaint. *See Epic Games, Inc. v. Samsung Elecs. Co. Ltd. et al*., No. 3:24-cv-06843, Dkt. 46 (N.D. Cal. Jan. 8, 2025) (**denying** parties' stipulated joint request to extend page limit, and restricting motion to dismiss briefing to 15 pages).

Notably, Epic does not cite any case in which this Court (or any other in this District) enlarged motion to dismiss briefing simply because of the number of claims a defendant seeks to dismiss or the length of the plaintiff's complaint. That may be because this Court commonly denies such requests, even in complex, multi-claim cases—and even where parties stipulate to enlarged

briefs and are requesting fewer extra pages than Epic seeks here. *See, e.g.*, *Means v. Lyft, Inc.*, No. 3:24-cv-00177-MMC, Dkt. 35 (N.D. Cal. May 9, 2024) (Chesney, J.) (the "breadth" of the arguments in motion to dismiss 329-paragraph complaint asserting nine claims does not justify five additional pages in an opposition); *Parham v. McDonald's Corp.*, No. 3:11-cv-00511-MMC, Dkt. 25 (N.D. Cal. Apr. 12, 2011) (Chesney, J.) (stipulated request for 30 pages for motion to dismiss 143-paragraph class action complaint "failed to show good cause"). Other courts in this District are similarly reluctant to expand page limits. *See e.g.*, *Rubalcava v. City of San Jose, et al.*, No. 5:20-cv-04191, Dkt. 55 (N.D. Cal. Oct. 23, 2020) (Freeman, J.) (denying request to increase page limit and requiring eleven defendants to "negotiate how they share the total 30-page limit for their anticipated motions to dismiss" plaintiff's 252-paragraph complaint, alleging ten claims); *United States v. Tetra Tech EC, Inc.*, No. 13-cv-03835, Dkt. 93 (N.D. Cal. Aug. 6, 2019) (Donato, J.) (denying stipulated request for *20* pages for motion to dismiss).

## II.     EPIC'S MOTION SHOWS THAT THE PAGE LIMITS ARE SUFFICIENT

Looking to the substance of Epic's contemplated arguments, those similarly do not establish good cause to enlarge the default page limits. Despite a reference to "the complexities associated" with CureIS's claims, *see* Mot. at 1, Epic does not identify any novel legal arguments, complicated statutory interpretations, or other discussions that would prevent Epic from challenging the sufficiency of CureIS's claims within the page limits. Instead, the Motion identifies a set of arguments that are surprising only in that Epic concedes CureIS supported its claims with multiple and detailed allegations. But these are not reasons to expand page limits; they demonstrate Epic should be judicious in which arguments it does and does not bring.

- **CureIS's Antitrust Claims (Counts 1-3)**. Epic plans to attack CureIS's allegations surrounding market definition, antitrust injury, and anticompetitive effects. If Epic wishes to utilize limited space attacking these intensely factual issues, that is a strategic choice, but not one warranting extra pages. So, too, would be Epic's contention that it needs to "explain how CureIS has not established that it competes in the alleged PSHP CAPS market." Mot. at 2. Putting aside that Epic's argument reflects a fundamental misunderstanding of the FAC (which CureIS will address, as necessary, in opposing the

upcoming MTD), if the FAC does not make this allegation and it is germane to CureIS's claims, that is a straightforward point for Epic to make—requiring very little space.

- **CureIS's Tortious Interference Claims (Counts 4-5).** Epic admits that CureIS supported its interference claims with multiple examples of Epic's tortious conduct that ultimately coerced customers to terminate their contracts or economic relations with CureIS. Mot. at 2. Epic nonetheless wants to challenge each of these claims, even while acknowledging the arguments as to each of the examples would target the same "elements of tortious interference." *Id.*

- **CureIS's Claims for Trade Libel and False and Misleading Statements (Counts 6-7, 9).** Epic likewise admits CureIS supports its trade libel and false-advertising claims by identifying multiple, specific, false, defamatory statements. *See id.* at 3 ("five" libelous statements and "two categories of false and misleading statements). Epic acknowledges that its challenges to these claims would address the same libel or false-advertising elements. *Id.*

- **CureIS's Unfair Competition Claim (Count 8).** Epic ignores that a UCL claim may be based on the predicate wrongdoing addressed in other claims. Further, Epic argues that the Cures Act itself is "complex regulatory scheme," but does not explain why Epic's *arguments* related to the Cures Act would be complex. The Motion suggests the opposite: Epic intends to argue that CureIS has not met the "baseline requirements" of alleging a Cures Act violation as a predicate to a UCL claim.

## III. CONCLUSION

As CureIS stated to Epic, it is happy to grant professional courtesies whenever possible. Dkt. 65-1, ¶ 4. However, in this situation, it saw no reason to expand briefing on Epic's motion to dismiss, and Epic never provided any reasons before filing its Motion, or even in its Motion. Dkt. 33 at 2-3. For the foregoing reasons, CureIS respectfully request the Court to deny Epic's Request. Twenty-five pages (plus another 15 pages for reply) should be plenty for Epic to make its arguments.

DATED: September 2, 2025

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Adam Wolfson
Adam Wolfson
*Attorneys for Plaintiff,*
*CureIS Healthcare, Inc.*